**WESTINGHOUSE ELECTRIC CORPORATION, Appellant,**

v.

**CHILDS–BELLOWS, Appellee.**

No. 16258.

Court of Civil Appeals of Texas. Fort Worth.

Dec. 8, 1961.

Rehearing Denied Jan. 12, 1962.

Leachman, Gardere, Akin & Porter, and Gordon H. Rowe, Jr., Dallas, for appellant.

Spurlock, Schattman & Jacobs, and Kenneth M. Cole, Jr., Fort Worth, for appellee.

ON MOTION FOR REHEARING.

RENFRO, Justice.

The appellant's motion for rehearing is granted and our opinion of November 3, 1961, is hereby withdrawn.

The question before us is whether the trial court erred in holding that Childs-Bellows was entitled to indemnity from Westinghouse Electric Corporation.

The case was tried before the court on the pleadings and written stipulations only.

The appellee, Childs-Bellows, was general contractor for the construction of a new building for the First National Bank in Fort Worth. Appellant, Westinghouse Electric Corporation, was subcontractor for installation of elevators in the building. Childs-Bellows and Westinghouse entered into a written contract which provided in part:

"1. Statement of the Work:

"* * * * * *

"(b) Subcontractor shall furnish all of the labor, material and equipment necessary to accomplish the following (hereinafter referred to as 'the Work') :

"High Rise Elevators 1 to 6 inclusive and all of the Escalators, all in accordance with the requirements of the Plans and Specifications for the sum of $600,858.00.

"* * * * * *

"6. Indemnity Agreements.

"* * * * * *

"(b) Subcontractor agrees to perform the Work in a good and workmanlike manner and in accordance with the provisions of the General Contract, and with the provisions of this Subcontract and in accordance with all safety rules and regulations set forth in the General Contract, or issued by Contractor, and in accordance with any and all laws, rules or regulations issued by any governmental authority having the authority to control the manner or method of carrying out the Work. Subcontractor further agrees that if the property of any person, firm or corporation, including that of Contractor, is lost, damaged, or destroyed while on the job site and such loss, damage or destruction is caused by, results from, or arises out of, the doing, or the method or manner of performance of the Work, or, is due to or results from, or arises out of, the failure of Subcontractor to do, or Subcontractor's omission to do, anything in connection with the Work, or required by this Subcontract, Subcontractor shall indemnify and save harmless Contractor from any and all such loss, damage or destruction. *Subcontractor further agrees to and shall indemnify and save harmless Contractor from and against any and all loss, claim, demand, and suit for damage, including death and personal injury, growing out of, or incident to or resulting from the performance, or failure*

*to perform the Work or the provisions of this Subcontract."* (Emphasis supplied.)

During the course of the Work, two employees of Westinghouse, in separate accidents, while in the course and scope of their employment, in furtherance of the Work, were injured as result of being struck by falling objects. Both were working inside an elevator shaft when injured. The injuries were the results of negligence on the part of employees of Childs-Bellows. Both injured workmen made claims against Childs-Bellows for damages. Childs-Bellows and its agent, Liberty Insurance Company, together with Liberty Mutual Insurance Company, agent for Westinghouse, reached a compromise agreement with the workmen, whereby they received an aggregate of $8,775.00. Both compromise agreements were made in good faith and were reasonable and prudent under the circumstances.

Subsequently, Childs-Bellows made demand upon Westinghouse for payment of the above sum under the provisions of the indemnity agreement. Westinghouse refused.

Westinghouse contends the indemnifying agreement covered only losses occasioned by its negligent acts and did not cover losses occasioned by negligent acts or omissions attributable to appellee.

Childs-Bellows relies upon the holding in Mitchell's, Inc., v. Friedman, 157 Tex. 424, 303 S.W.2d 775, wherein the court said: "It is not necessary * * * for the parties to say in so many words that they intend to protect the indemnitee against liability for negligence. An obligation to hold harmless from claims, liability or damage resulting from a specified operation or instrumentality will be enforced in accordance with its terms even though the indemnitee may thereby be relieved of the consequences of his own negligence."

In the instant case, however, in view of the provisions of the indemnity agreement, it is clear that indemnity was intended to extend only to injuries to persons growing out of or incident to or resulting from performance, or the failure to perform, on the part of Westinghouse, the work of installing the elevators. The agreement does not show an intent by the parties to indemnify Childs-Bellows for injuries to persons resulting from work which was under the exclusive jurisdiction of Childs-Bellows as general contractor. The injuries sustained by the Westinghouse employees were not injuries growing out of any work undertaken by Westinghouse but, according to the stipulations, were due solely to negligence of employees of the general contractor, Childs-Bellows, in work which in so far as the stipulations show had no connection whatever with the installation of the elevators, and work with which Westinghouse had no connection.

For a case closely in point, see Thompson-Starrett Co. v. Otis Elevator Co., 271 N.Y. 36, 2 N.E.2d 35.

Since the indemnity agreement did not by words protect Childs-Bellows against its own negligence and since the stipulations failed to show that the injuries resulted from "a specified operation or instrumentality", Childs-Bellows is not entitled to indemnity.

The judgment of the trial court is reversed and judgment here rendered that Childs-Bellows take nothing.

Reversed and rendered.

MASSEY, C. J., dissents.

DISSENTING OPINION ON MOTION
FOR REHEARING.

MASSEY, Chief Justice (dissenting).

I would affirm the judgment of the trial court.

In view of the language of the Supreme Court, quoted in the majority opinion from the case of Mitchell's, Inc. v. Friedman, I would hold that the parties contracted for Childs-Bellows to be indemnified as applied to the $8,775.00 paid.