MONICAL & POWELL, INC. et al.,
Appellants,

v.

BECHTEL CORPORATION et al., Appellees.

No. 4068.

Court of Civil Appeals of Texas.

Eastland.

June 10, 1966.

Rehearing Denied July 8, 1966.

Funderburk, Murray & Ramsey, Houston, Ben Ramsey, Houston, for appellants.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, Royce Till, Houston, Wiley Thomas, Angleton, for appellees.

GRISSOM, Chief Justice.

On December 6, 1960, Bechtel Corporation made a contract with Monsanto Chemical Company to construct the latter's plant and a pipeline into and through Brazoria County. Bechtel Corporation subcontracted to Monical & Powell, Inc. and T–T Construction Company, Inc., that portion of its contract with Monsanto which provided for construction of a pipeline into and through Brazoria County to the Celanese Corporation's plant. Paragraph 14 of that subcontract provided:

"INJURY OR DAMAGE TO PERSONS AND PROPERTY: Sub-contractor shall be solely responsible for and shall hold contractor and owner free and harmless from any and all losses, expenses, damages, demands and claims arising out of or in connection with injuries (including death) or damages to any and all persons, employees and/or property in any way sustained or alleged to have been sustained in connection with or by reason of the performance of the work by sub-contractor, its sub-contractors, agents or employees."

A fifty foot right-of-way and directions identifying it were furnished to said subcontractors by Bechtel. Subcontractors' employee procured a right-of-way over the land of Krause for said subcontractors' use as a place of entrance and exit to said fifty foot pipeline right-of-way furnished to them by Bechtel. While said subcontractors' employees were driving a heavy tractor and sleds over their ingress and egress right-of-way and when they were still about 450 feet from the right-of-way furnished by Bechtel, the subcontractors' employees broke a buried pipeline of Phillips Pipeline Company causing gas to escape and blow said heavy equipment and employees into the air and set them on fire. Four of the subcontractors' employees were injured and one was killed. Said injured employees, or their heirs, Phillips Pipeline Company and Celanese Corporation sued Bechtel Corporation, Monsanto and others to recover for their injuries and losses. Razo, an employee of subcontractors, sued Phillips Pipeline Company and others for injuries he so sustained. Monical & Powell, Inc., and T–T Construction Company were impleaded in all said suits by Bechtel Corporation, who asserted the right to indemnity. Upon completion of evidence in the Razo case, Bechtel and Monsanto were given instructed verdicts as to their liability to Razo. A severance of Bechtel Corporation's claim of a right to indemnity against subcontractors was granted. This is an appeal by subcontractors from a judgment in said severed cause wherein the subcontract was construed as making them liable to imdemnify Bechtel and Monsanto against all recovery by reason of said pipeline explosion. The trial court held that Monical & Powell and T–T Construction Company had the duty to defend Bechtel and Monsanto and pay their attorneys' fees and other expenses incurred in defending such suits, both before and after appellees demanded that appellants defend such suits. Said subcontractors have appealed.

Appellants' first two points are in substance that the court erred in holding that they owed Bechtel and Monsanto the duty to defend said suits and pay the attorneys' fees and other expenses they so incurred, because the accident occurred off the pipeline right-of-way furnished by appellees and while the subcontractors' employees were returning to the subcontractors' place of business. In support thereof appellants cite Westinghouse Electric Corporation v. Childs-Bellows, Tex.Civ.App., 352 S.W.2d 806 (writ ref.). That case is distinguishable here as it was distinguished by Judge Norvell in Spence & Howe Construction Company v. Gulf Oil Corporation, Tex., 365 S.W.2d 631, at page 635, wherein it was said that in the Westinghouse case the indemnity agreement was executed by Childs-Bellows as prime contractor and Westinghouse as subcontractor; that Westinghouse agreed to indemnify and save harmless the prime contractor from all claims, etc., *growing out of performance*

*of the subcontract.* Two Westinghouse employees were injured by being struck by objects dropped by employees of Childs-Bellows, (here is the distinction), *who were not performing work covered by the subcontract but were working for the prime contractor,* Childs-Bellows. Therefore, it was held that the agreement of the subcontractor to indemnify the prime contractor from all claims, etc., arising out of the *WORK OF THE SUBCONTRACT* was not applicable. The Westinghouse suit was based upon an injury caused by the negligence of the prime contractor's employees while doing its own work, not that of the subcontract, with reference to which alone the indemnity agreement applied.

The appellant subcontractors say that at the time of the rupture of the pipeline, explosion and injuries they were not doing any work for appellees, had completed work for the day and left the premises of the appellees by a route they had obtained for their own use and were on their way home. They say that location of the job site and work performed under the subcontract were too remote to subject subcontractors to the duty of defending appellees in the lawsuits arising therefrom and to pay their expenses, including attorneys' fees, incurred in preparing their defense.

Appellees say appellants are obligated to defend any lawsuit, and pay the expenses appellees reasonably incur, brought by reason of injuries or damages so sustained, or alleged to have been sustained, in performing the work of the subcontractors. Appellees' right to indemnity does not depend upon any finding of the cause of the explosion. The contract does not limit the subcontractors' liability to indemnify appellees to injuries or damages suffered while appellants were working on the job site. Appellees say it is sufficient, even if it is merely alleged, that injuries or damages were sustained in connection with appellants performance of said subcontract; that subcontractors are liable for indemnity, regardless of where such work is performed. Appellees have never contended that subcontractors are required to indemnify appellees against the negligence of Phillips Pipeline Company. The subcontractors' agreement is simply that they will indemnify appellees for injuries or damages to any person or property in any way sustained, or ALLEGED TO HAVE BEEN SUSTAINED, in performance of the work of the subcontract. The plain language of the indemnity contract is that the subcontractors agree to hold Bechtel Corporation and Monsanto free and harmless from all losses, expenses, damages and claims arising out of or in connection with injuries to any person, or damages to any property, sustained, or alleged to have been sustained in performing the work of the subcontract.

■ Contrary to the subcontractors' contention, appellees say it is undisputed that this accident occurred while subcontractors' employees were engaged in performing their subcontract. Appellants' general superintendent so testified. The judgment in the Razo v. Phillips Pipeline Company was made a part of this record and is evidence herein. Said general superintendent for said subcontractors testified that when this accident happened Razo, one of the five employees of the subcontractors injured by the explosion, sustained his injuries while he was working for said subcontractors and performing their subcontract. In answer to requests for admissions subcontractors admitted that at the time of said explosion the subcontractors were, through their injured employees, engaged in performing the work of their subcontract. They admitted that, while their employees were engaged in performing said subcontract, there was an explosion when a pipeline owned by Phillips was broken by them. Appellants' first two points are based upon the contention that their employees were returning to their employer's place of business at the time of the accident. Appellants say there is no evidence thereof. We have been unable to find any. The testi-

mony of appellants' general superintendent and said admissions are to the effect that appellants' employees were engaged in performance of the said subcontract at the time of the explosion. The record shows that, just prior to the accident, appellants' employees, on their right-of-way for ingress and egress to the pipeline site, had loaded a sled pulled by a bulldozer and were taking a load to the pipe line right-of-way when the accident occurred. The allegations in Razo's suit, as well as in said other suits, are that injuries and damages were sustained by appellants' employees while they were performing the work of the subcontract. The undisputed facts establish the subcontractors' liability to indemnify appellees from such suits and pay the expenses and attorneys' fees recovered.

In Ohio Oil Company v. Smith, 365 S.W.2d 621, 627, our Supreme Court in passing upon such an indemnity contract as that now before us said:

"It is the general rule of the law of contracts that where an unambiguous writing has been entered into between the parties, the courts, in construing that writing will give effect to the intention of the parties as expressed or apparent in the writing. In the usual case, the instrument alone will be deemed to express the intention of the parties for it is objective, not subjective, intent that controls. See: Woods v. Sims, 154 Tex. 59, 273 S.W.2d 617, 620; See generally: Williston on Contracts § 610; Restatement of the Law of Contracts, § 230."

The same rule was stated in Spence & Howe Construction Company v. Gulf Oil Corporation, (Sup.Ct.), 365 S.W.2d 631, 637. There is no material distinction between the contract in the Ohio cases and the contract here in question. The contract here, like those in said cited cases, provides indemnity for injuries or damages in any way sustained, or alleged to have been sustained, in connection with or by reason of performance of the subcontract. It is clearly and concisely stated and shows the intention of the parties that appellants shall indemnify appellees under the situation shown. There is nothing in this contract limiting the liability of appellees to accidents which occur upon the right-of-way furnished appellants by Bechtel and Monsanto. No authority cited sustains such contention.

The Judge was the trier of facts. The evidence mentioned supports the court's findings that the explosion and resulting injuries occurred while appellants' employees were performing, and were, of course, alleged to be performing, the work of appellants under said subcontract. It was by reason of this explosion that Razo and other employees of appellants sued. The court's finding and the indemnity provision of the subcontract establish the liability of appellants as fixed by the judgment appealed from. It cannot be said, as a matter of law, that such suits are not covered by said indemnity provision.

Appellants contend that attorneys' fees and expenses incurred by appellees in preparing their defense cannot be recovered, even if the subcontractors are liable to indemnify appellees. They say the indemnity contract is ambiguous and does not specifically provide for attorneys' fees. They cite Miller v. Bush, Tex.Civ.App., 42 S.W.2d 156 (writ ref.), and William Cameron & Company v. American Surety Company of N.,Y. (Tex.Com.App.), 55 S.W.2d 1032. They are not in point. The contract in the Miller case provided for indemnity only for the amount the directors were required to pay as a result of procuring a loan for the corporation. The Cameron case involved a surety bond which provided for indemnity only against costs and damages. In this case, the indemnity contract provides that appellants shall hold appellees free and harmless from any and all losses and expenses arising out of, or in connection with, injuries sustained, or alleged to have been sustained, by reason of performance of the work of the subcontract. Unless the indemnity contract

protected appellees from such attorneys' fees and expenses, appellees would not be fully protected, indemnified and saved harmless from all expenses, etc., as clearly provided by the indemnity contract. Mitchell's Inc. v. Friedman, 157 Tex. 424, 303 S.W.2d 775; Sigmond Rothschild Company v. Moore, Tex.Civ.App., 166 S.W.2d 744 (Ref. W.M.), 27 Amer.Jur. 474.

In appellants' discussion of attorneys' fees they do not mention Ohio Oil Company v. Smith, supra. Appellants do not question that decision on the indemnity question. They attempt to distinguish it. We agree with appellees that they failed to so do. In Ohio Oil Company v. Smith, Ohio was awarded a summary judgment against Smith for $51,000.00, plus expenses and attorneys' fees incurred by Ohio in defending against the claim of Smith's injured employee. In passing upon the question of whether Ohio was entitled to such attorneys' fees the Supreme Court said in 365 S.W.2d 621, at page 627:

"Smith agreed to ' * * * save and hold harmless Ohio from and against any and all claims and damages of every kind, for injury to * * * any person * * * arising out of or attributed, directly or indirectly * * *' to his operations under the contract. Hunt's injuries may certainly be attributed to Smith's operations, and the indemnity provision makes reference to the objective of the contract. When the indemnitor has agreed to save and hold harmless the indemnitee from liability for any and all claims and damages of every kind attributed directly or indirectly to his operations under the contract, the indemnitee may have recovery over and against the indemnitor *for all reasonable expenses incurred in defending* or settling *the claim asserted against him."* (Italics ours.)

Appellants do not question the reasonableness of the expenses or attorneys' fees incurred by appellees. We conclude that the court properly awarded appellees said expenses, including attorneys' fees.

■ Appellants contend the judgment for indemnity should be reversed because the indemnity contract does not provide for notice as a prerequisite to indemnity. Cases cited by appellants as authority therefor interpreted insurance contracts which contained specific requirement for notice. The indemnity contract here contained no such requirement. It is undisputed that appellees made written demand upon appellants to defend every suit filed against appellants as a result of said accident and that appellants refused to defend them. Demand was not made until suit was filed against appellees, but appellants were aware of the accident when it occurred and had attorneys representing them perpetuating testimony. Appellants have always contended, as they do now, that they have no obligation to defend appellees. They are not in a favorable position to contend that they are not liable for expenses incurred before formal written demand for defense was made, since they have always contended that they had no obligation to defend appellees.

■ Appellants contend the court erred in holding they were required to pay appellees' expenses and defend all future litigation growing out of said accident because allegations in future suits are unknown and damages unliquidated. All employees of appellants injured in said explosions and all persons who sustained property damages as a result thereof have already filed suits and all, except that of Razo, are now pending, and appellees are defendants therein. The accident happened on January 29, 1962. Claims resulting therefrom must be based on tort. The two year statute of limitation prevents the filing of further enforceable suits as the result of such accident. There will be no "unknown" future litigation. Appellants' liability to defend appellee from suits brought by reason of performance of the subcontract does not depend on jury, or

fact, findings. The court correctly held that the contract entitled appellees to full and complete indemnity for expenses, including attorneys' fees, incurred, from the time of the accident. The judgment is based upon said contractual obligation of appellants to indemnify appellees and not upon the common law right of indemnity.

We have considered all of appellants' points. They are overruled. Reversible error is not shown. The judgment is affirmed.