**M.M. SUNDT CONSTRUCTION COMPANY, Appellant,**

v.

**CONTRACTORS EQUIPMENT COMPANY, Appellee.**

No. 08–82–00228–CV.

Court of Appeals of Texas, El Paso.

Aug. 10, 1983.

Tony Dirksmeyer, Dirksmeyer & Harrington, Irving, Harvey L. Davis, Austin, for appellant.

Jack Brewster, Brewster & Mayhall, Norman C. Peyton, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

M.M. Sundt Construction Company appeals from a judgment, in a bench tried case, in which it is ordered to indemnify the lessor of a crane, which Sundt had leased, for damages arising out of an accident which occurred when the crane was being returned to the lessor. We affirm.

In 1978, Contractors Equipment Company, as lessor, and M.M. Sundt, as lessee, entered into a rental agreement whereby Contractors leased to Sundt one Grove RT–58 crane. The indemnity provision is in paragraph 7 of the agreement and it provides:

7. LIABILITY. LESSEE assumes all risk, responsibility and liability arising from the possession, operation and use of the Equipment howsoever imposed, including damages for injury and death to persons and property howsoever arising therefrom or because thereof. LESSEE shall indemnify, save and hold LESSOR and its assigns harmless from any and all of the following, whether the same be actual or alleged: all claims, liens for storage, labor and materials and all loss of and damage to said Equipment and loss, damage, claims, penalties, liability and expense, including attorney's fees, howsoever arising or incurred because of said Equipment or the storage, maintenance, use, operation or return to LESSOR thereof.

With regard to the delivery and return of the crane, paragraph 4 of the agreement provides:

4. DELIVERY AND RETURN. Freight from LESSOR to LESSEE will be paid by LESSEE who agrees to return the Equipment, freight prepaid, to LESSOR in the same condition as when received (only reasonable wear and tear resulting from proper use of the Equipment excepted) and LESSEE agrees to pay for any repairs necessary to restore the Equipment to such condition.

After Sundt completed its use of the crane, it notified Contractors who called Jesus Ontiveros, an independent contractor, to pick up the crane and haul it back to Contractors' yard in El Paso. The crane was loaded on a trailer by Mr. Ontiveros with the help of an employee of Sundt Construction Company. Mr. Ontiveros then drove onto the Interstate highway in El Paso and started to the Contractors' yard on the East side of town. The crane did not clear the first overpass and was knocked off the trailer. Mr. and Mrs. Plattor, who were traveling on the highway, collided with the crane and sustained serious personal injuries. Their suit for damages was settled for $470,000.00, and Contractors paid $150,000.00 of that amount. This suit resulted in Contractors recovering that sum plus its attorney's fees and expenses from Sundt under the indemnity provisions of the rental agreement. This indemnity suit was severed from a separate suit involving damages to the State of Texas overpass in which the jury found that as between Ontiveros, Contractors and Sundt, that Sundt's negligence alone proximately caused the accident.

It was stipulated in this case that Sundt declined to take over the defense of the suit against Contractors and further that the amount of $150,000.00 paid in settlement of the suit was reasonable and paid in good faith. The only issue left for trial was whether Sundt was liable to Contractors under the indemnity clause and the reasonableness of Contractors' attorney's fees and expenses in defending the suit filed by Mr. and Mrs. Plattor.

The Appellant Sundt asserts in its first point of error that there can be no recovery by Contractors under the rental agreement because the indemnity provisions are not

expressed in clear and unequivocal language. Sundt relies upon the holdings in *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company*, 490 S.W.2d 818 (Tex.1972); *Ohio Oil Company v. Smith*, 365 S.W.2d 621 (Tex.1963); *Spence & Howe Construction Company v. Gulf Oil Corporation*, 365 S.W.2d 631 (Tex. 1963), and other cases involving indemnity for one's own negligence. Those cases are not applicable. We are not concerned in this case with any requirement for Sundt to indemnify Contractors for Contractors own negligence.

Sundt, as lessee, agreed to "indemnify, save and hold LESSOR and its assigns harmless from * * * loss, damage, claims, penalties, liability and expense, including attorney's fees, howsoever arising or incurred because of said Equipment * * or return to LESSOR thereof." In addition the agreement provided lessee "agrees to return the Equipment, freight prepaid, to LESSOR * * *." Thus, Sundt agreed to indemnify Contractors for loss, damage and expense, including attorney's fees incurred because (or as a result) of the return of the leased equipment. Sundt also agreed to be responsible for the return of the equipment which was to be at its expense. Even though Contractors made the telephone call to Ontiveros to pick up the crane and return it to Contractors' yard, when he did so Ontiveros was fulfilling Sundt's obligation "to return the Equipment." The obligation to indemnify is absolute, and it arises out of the obligation of Sundt with regard to the return of the equipment and not from any negligence upon the part of Contractors. Where the damages result from conduct for which indemnity is provided and which does not involve the negligence of the indemnitee, liability is established. *Monical & Powell, Inc. v. Bechtel Corporation*, 404 S.W.2d 911 (Tex.Civ.App.—Eastland 1966, writ ref'd n.r.e.). In such cases, the "express negligence" rule as discussed in *Fireman's Fund Insurance Company v. Commercial Standard Insurance Company*, supra, is not applicable. Point of Error No. One is overruled.

The contention in the second point of error is that the rental agreement terminated when the crane was delivered, prior to the accident, to a third party selected by Contractors. Appellant relies upon the holdings in various bailment cases to the effect that a bailment can be terminated by delivery of the property to a third person with the express or implied consent of the bailor. See: *English v. Dhane*, 156 Tex. 231, 294 S.W.2d 709 (1956); *D. & D. Associates, Inc. v. Sierra Plastics, Inc.*, 570 S.W.2d 205 (Tex.Civ.App.—Waco 1978, no writ). In this case, we are not left to the common law to decide when the bailment terminated. The parties expressly contracted that "LESSEE * * * agrees to return the Equipment." Therefore, under the express terms of the rental agreement, the bailment did not terminate until the crane was returned to the lessor. Ontiveros became Sundt's representative for the purpose of returning the equipment as required by the rental agreement. Ground of Error No. Two is overruled.

Appellant next asserts that the rental agreement was terminated by mutual recision as a result of the return of the crane to Ontiveros at the direction of Contractors. There is no evidence in the record to support this contention. No evidence was offered other than the written contract to show when the bailment began and ended and the obligations of the parties to each other under that agreement. Ground of Error No. Three is overruled.

The contention is made in the last point of error that the judgment in the State case is not conclusive as to the liability between these parties. This is not a controlling issue in this case. Sundt's liability is based upon its contractual obligation and not its negligent conduct as found by the jury in the State case. Ground of Error No. Four is overruled.

The judgment of the trial court is affirmed.