**ROBERT H. SMITH, INC., Appellant,**

v.

**TENNESSEE TILE, INC., Appellee.**

No. 01–86–0243–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 16, 1986.

John W. Belk, Hirsch, Glover, Robinson & Sheiness, Houston, for appellant.

Jeffrey Lee Hoffman, Patricia A. Brockway, Whittington, Pfeiffer & Vacek, Houston, for appellee.

Before DUGGAN, LEVY and HOYT, JJ.

## OPINION

HOYT, Justice.

This is an appeal from a summary judgment interpreting an indemnity agreement between a subcontractor, Tennessee Tile, Inc. ("TTI"), and the general contractor, Robert H. Smith, Inc. ("Smith"). Anton Dominik, TTI's employee, while in the course and scope of his employment, was electrocuted when he attempted to move an armored cable containing electrical wires. Dominik filed suit against Smith. Smith filed a third-party petition against TTI asserting negligence by TTI in the supervision and training of Dominik. The trial court granted summary judgment for TTI, and Smith brought this appeal.

In its appeal from the summary judgment, Smith maintains that the trial court erred in granting TTI's motion for summary judgment because: (1) a question of fact existed concerning both TTI's negligence and Dominik's contributory negligence; (2) the indemnity agreement between Smith and TTI provides an exception to art. 8306, sec. 3(d) of the Texas Workers' Compensation Act; and (3) there was no ambiguity in the indemnity agreement between Smith and TTI that would defeat its enforcement. TTI responds that Smith waived these points of error because it failed to file a proper or timely response to the motion for summary judgment.

As to TTI's response, the record reflects that TTI filed its motion for summary judgment on March 26, 1985. Smith filed a pleading entitled "Motion to Dismiss Third Party Defendant's Summary Judgment Motion." The District Court advised Smith that it did not have an appropriate response to the motion for summary judgment on file and that its "Motion To Dismiss" would not be considered by the court.

TTI's motion for summary judgment sought relief on the premise that, as a matter of law, either (1) the indemnity agreement could not serve as a basis of Smith's cause of action, or (2) there was no evidence of negligence on the part of TTI.

On April 30, 1985, the District Court granted TTI's motion for summary judgment, and on May 6, six days later, Smith filed an identical pleading, differing only in its heading, entitled "Third-Party Plaintiff's Response To Third-Party Defendant's Motion for Summary Judgment." There-

after, Smith filed a motion for rehearing, which was denied.

"It is a primary rule of pleading in Texas that a written pleading is to be judged by its substance and not by its label affixed by its draftsman. The pleading's substance is to be determined by what effect the pleading will have on the proceeding if granted by the trial court." *Austin Neighborhoods Council, Inc. v. Board of Adjustment*, 644 S.W.2d 560, 565 (Tex.App.—Austin 1982, writ ref'd n.r.e.).

■ We therefore hold that the trial court erred in refusing to consider Smith's response because the sum and substance of Smith's pleading responded to TTI's motion for summary judgment and was timely filed.

However, we conclude that the action of the trial court in excluding Smith's response was harmless in light of the summary judgment proof considered by the court. Although substantial discovery was completed, and much of that evidence was available to the trial court, there is no indication that the trial court considered it. The single piece of summary judgment proof presented to and considered by the trial court was reflected in its ruling, i.e., the contract between TTI and Smith. The order granting TTI's motion for summary judgment states simply that "the Court, after reviewing said Motion and the pleadings on file, is of the opinion that such Motion should be granted...." From this order, we conclude that the trial court considered the parties' pleadings and the contract between them, a copy of which was attached to and incorporated in TTI's summary judgment motion.

With these evidentiary parameters identified, this Court must determine whether the contract was sufficient summary judgment proof. In resolving this question, we must determine whether the indemnity portion of the contract constitutes an exception to article 8306, sec. 3(d) of the Texas Workers' Compensation Statute, Tex.Rev. Civ.Stat.Ann. (Vernon Sup.1986) and, if so, whether the language is sufficiently "clear and unequivocal" as to be enforceable.

*Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980).

The relevant part of the contractual clause reads as follows:

11.20 The Subcontractor [Tennessee Tile] shall indemnify and hold harmless the Contractor [Robert H. Smith] and all of his agents and employees from and against all claims, damages, losses and expenses, including attorney's fees *arising out of or resulting from the performance of the Subcontractor's Work* under this Subcontract, provided that any such claim, damage, loss, or expense (a) is attributable to bodily injury, sickness, disease, or death, or to injury or to destruction of tangible property (other than the Work itself), including the loss of use resulting therefrom, and (b) is caused in whole or in part by any negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone for whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder.

11.20.1 In any and all claims against the Contractor or any of his agents or employees by an employee of the Subcontractor, anyone directly or indirectly employed by him or anyone for whose acts he may be liable, *the [subcontractor's] indemnification obligation under this Paragraph 11.20 shall not be limited in any way by any limitation on the amount or type of damages*, compensation or benefits payable by or for the Subcontractor *under workmen's compensation acts*, disability benefit acts or other employee benefit acts.

(Emphasis supplied.)

■ Article 8306, sec. 3(d) of the Workers' Compensation Statute provides that an action for damages brought by an employee against a third party that results in a settlement or judgment *shall not* be the basis for reimbursement from the employer *"in the absence of a written agreement expressly assuming such liability, executed by the subscriber (employer) pri-*

*or to such injury or death."* Tex.Rev.Civ. Stat.Ann. art. 8306, Section 3(d) (Vernon Supp.1986). Contracts construed so as to allow indemnity for damages arising out of the indemnitee's own negligence are not violative of the public policy, *Ohio Oil Co. v. Smith,* 365 S.W.2d 621 (Tex.1963). Therefore, we hold that this contract constitutes an exception to art. 8306, sec. 3(d).

■ For an indemnitee to collect, even when the injury resulted from its own negligence, the contract language must pass the *Eastman Kodak* "clear and unequivocal" test. 603 S.W.2d at 211. The words and language of the indemnity agreement must show that the parties intended that the indemnitor "save the indemnitee harmless from liability for his own negligence...." *Fireman's Fund Insurance Co. v. Commercial Standard Insurance Co.,* 490 S.W.2d 818, 822 (Tex.1972). "Broad general statements of the indemnity obligation are not sufficient to protect an indemnitee against his own negligence...." *Id.*

■ Having reviewed the language of this agreement, we are not convinced that the subcontractor is to indemnify the general contractor except against claims "arising out of or resulting from the performance of the subcontractor's work...." These words of limitation show that the parties intended that the subcontractor be liable only for negligence that results from the work to be performed. We hold that the contract between TTI and Smith does not indemnify Smith for Smith's own negligence in "clear and unequivocal" language. *See Brown & Root, Inc. v. Service Painting Co. of Beaumont, Inc.,* 437 S.W.2d 630 (Tex.Civ.App.—Beaumont 1969, writ ref'd); *Westinghouse Electric Corp. v. Childs-Bellows,* 352 S.W.2d 806 (Tex.Civ.App.—Fort Worth 1961, writ ref'd).

■ Even if the words of the indemnity clause could be considered "clear and unequivocal" and an exception to art. 8306, sec. 3(d), Smith's response to TTI's summary judgment proof fails to establish that Dominik's injury "arose out of the performance of the subcontractor's work...." Dominik's pleadings allege that he was injured while handling live electrical wires in preparation or continuation of the assigned work. The scope of work portion of the contract between Smith and TTI is clear in that it does not include handling electrical wires as a term or condition of the contract. We find no evidence in Smith's response indicating that Dominik's injury "arose out of the performance of" TTI's contract as that phrase is interpreted. *See Joe Adams & Son v. McCann Construction Co.,* 475 S.W.2d 721, 725 (Tex.1971); *Brown & Root, Inc.,* 437 S.W.2d at 634; *Westinghouse Electric Corp.,* 352 S.W.2d at 808.

Each of Smith's three points of error is overruled, and the judgment of the trial court is affirmed.