**INGRAM EXPLORATION COMPANY, Appellant,**

v.

**WILD WELL CONTROL, INC. and Royston, Rayzor, Vickery & Williams, Appellees.**

**No. 08–91–00264–CV.**

Court of Appeals of Texas, El Paso.

Sept. 16, 1992.

Rehearing Overruled Oct. 21, 1992.

---

David W. Cooney, Jr., Brock C. Akers, Martin J. de la Torre, Phillips & Akers Houston, for appellant.

Stuart J. Starry, Beirne, Maynard & Parsons, Hon. Randall W. Morse, McGettigan, Morse & Gill, Kevin M. Feeney, Houston, for appellees.

Before OSBORN, C.J., and KOEHLER and LARSEN, JJ.

## OPINION

OSBORN, Chief Justice.

This case involves the interpretation of an indemnity agreement between an oil and gas exploration company and an oil well service company specializing in well control operations. The trial court awarded recovery for attorney's fees and other expenses incurred in defending a third-party claim which arose from loss of a well being drilled by the exploration company. We reverse and render.

### Facts

Ingram Exploration Company commenced drilling operation of a well in Live Oak County in 1983 and as drilling operations neared completion, excessive gas pressures developed which required added precautions to avoid a blowout. Ingram entered into a written contract with Wild Well Control, Inc., a company specializing in well control procedures, to assist in their operations. Ingram eventually had to "kill" the well in order to control the gas pressures.

At the time Wild Well was hired, the parties entered into a Work Order contract under which Wild Well would provide services and equipment as an independent contractor. The contract contained an indemnity paragraph which provided, in part:

Company [Wild Well Control, Inc.] shall not be responsible for, and Customer [Ingram Exploration Company] agrees to protect, indemnify, and hold Company, its officers, agents, and employees, free and harmless from and against liability for any and all claims, demands, causes of action, suits, judgments, or other litigation, including all costs incident thereto, and attorneys' fees, of every kind and character, *arising either in favor of customer or any third party*, including, but not limited to, employees of either customer or third parties, on account of death, bodily injury, damage to, loss of, or loss of use of property, either real or personal, including, but not limited to, any and all interests in the surface and/or in minerals, pollution, or contamination damage, and monetary loss of any kind, unless such death, injury, loss or damage is caused by the willful misconduct or gross negligence of Company. [Emphasis added].

Following the very costly loss of the well, Ingram filed suit against Gulfco Industries, Inc., which provided the well head

equipment, and Otis Engineering, which had provided a downhole packer. Gulfco filed a third-party claim against Wild Well. Ingram settled its claim with Gulfco and Gulfco dismissed its claim against Wild Well without any payment or contribution from Wild Well. In defending itself against the third-party claim, Wild Well incurred over $82,000 in attorney's fees and other costs. This part of that suit seeks to recover that amount, plus attorney's fees for this suit. Royston, Rayzor filed an intervention and cross-claim to recover its unpaid balance for services rendered to Wild Well in defending the third-party claim. Judgment was entered for the expenses incurred by Wild Well, with Royston, Rayzor recovering from Wild Well the unpaid amount of its bill for services in the third-party suit and both Wild Well and Royston, Rayzor recovered judgment for their attorney's fees in this case, both in the trial court and on appeal.

### Point of Error

■ By a single point of error, Ingram asserts the trial court erred in awarding Wild Well and Royston, Rayzor attorney's fees and defense costs. One of the assertions made is that Ingram would be responsible to Wild Well for attorney's fees only if Wild Well had lost against either Ingram or a third party. We are not aware of any other case which has interpreted an indemnity agreement which contained language like the one in this case which provides indemnity for judgments, costs and attorney's fees "arising either in favor of customer or any third party."

### Recent Cases

A recent case involving recovery of defense costs under an indemnity agreement is *Construction Investments and Consultants, Inc. v. Dresser Industries, Inc.,* 776 S.W.2d 790 (Tex.App.—Houston [1st Dist.] 1989, writ denied). In that case, the indemnity agreement, in very specific language, spelled out the obligation of the contractor to reimburse Dresser for the amount paid in settling any claim or paying any judgment "together with all reasonable attorneys' fees incurred by Dresser by reason of its defense or settlement of such claims."

*Dresser,* 776 S.W.2d at 791. The Houston Court of Appeals affirmed a judgment which awarded Dresser the amount of its defense costs. It would be difficult to make an indemnity agreement any clearer than was the obligation in that agreement to reimburse for defense costs.

A similar issue was again before the Court in *Continental Steel Company v. H.A. Lott, Inc.,* 772 S.W.2d 513 (Tex.App.—Dallas 1989, writ denied). In that case, the indemnity agreement required the subcontractor to indemnify the contractor for all claims and provided that the subcontractor "will reimburse and indemnify Contractor for all expenditures or expenses including court costs and counsel fees, made or incurred by Contractor by reason of such suits." *Id.* at 514. Again, the appellate court affirmed a judgment which awarded recovery of defense costs incurred by the party to be indemnified.

Likewise, in *M.M. Sundt Construction Company v. Contractors Equipment Company,* 656 S.W.2d 643 (Tex.App.—El Paso 1983, no writ), this Court affirmed recovery for a payment made in settlement of a suit arising out of a loss which was covered by an indemnity agreement. The judgment included attorney's fees and expenses.

In each of those cases, there was broad language providing for indemnity, just as in this case, but in none of those cases was there a limitation that the items for which reimbursement was to be paid had to be ones "arising either in favor of customer or any third party."

### Meaning of this Agreement

We conclude that the agreement in this case can be summarized as follows:

Ingram agrees to Indemnify Wild Well Control
from and against liability
For
Claims, Suits and Judgments (including costs and attorney's fees)
in favor of
Ingram or Third Party

To read the agreement any other way is to exclude and delete a clause that Wild Well

chose to insert into its own indemnity agreement.

### No Qualifying Payment

In this case, Wild Well has not paid either Ingram nor any third party any amount on a claim, suit or judgment. Had Wild Well paid Gulfco on its third-party claim or had a judgment been obtained by Gulfco which Wild Well had to pay, then it could recover indemnity for such payment. Based upon the limitation written into its indemnity agreement, Wild Well was only entitled to reimbursement for the sums it paid to Ingram or a third party. Even in such event, Wild Well would only be indemnified for a claim or judgment, including costs and attorney's fees, in favor of Ingram or the third party which it had to pay and not for its own attorney's fees. Wild Well argues that it would have been in a more advantageous position had it lost or paid off the third-party claim and that it then could have recovered its own attorney's fees. Not so. The indemnification was only for attorney's fees and costs incurred by Ingram or a third party that Wild Well had to pay, not for its own attorney's fees.

### Attorneys as Third Party

Royston, Rayzor claims that it is a "third party". That firm was Wild Well's counsel on the third-party claim made by Gulfco, but it cannot be a third party. The indemnity agreement was written primarily to protect Wild Well from suits brought by persons working on the well location who might be injured and have a claim arising out of the work being performed. A "third party" as that term is used in the indemnity agreement and in litigation would refer to some adverse claimant and not to one's own retained counsel.

### Not So Recent Case

It may be said that we follow to some extent the decision in *Everet v. Williams,* 9 L.Q.Rev. 197 (1893) where a highway robber sued another robber for an accounting of plunder obtained by joint venture. The court dismissed the bill with costs adjudged against plaintiff's counsel, held plaintiff's solicitors in contempt of court, fined one £50, deported the other and had both plaintiff and defendant beheaded. As Prosser says: "In short, contribution was not allowed." Gus M. Hodges, *Contribution and Indemnity Among Tortfeasors,* 26 Texas L.Rev. 150 (1947).

The Appellant's point of error is sustained. The judgment of the trial court is reversed and judgment rendered that Wild Well Control, Inc. and Royston, Rayzor, Vickery & Williams have and recover nothing from Ingram Exploration Company.