GLENDALE CONSTRUCTION
SERVICES, INC.,
Appellant,

v.

ACCURATE AIR SYSTEMS,
INC., Appellee.

No. 01–93–01010–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 5, 1995.

Rehearing Overruled June 1, 1995.

Charles W. Seymore, Gary M. Pritchard, Houston, for appellant.

John B. Wallace, Houston, for appellee.

Before O'CONNOR, COHEN and HUTSON–DUNN, JJ.

## OPINION ON MOTION FOR REHEARING

O'CONNOR, Justice.

We grant the appellant's motion for rehearing, withdraw our previous opinion, and issue this in its stead. We are asked to decide whether an indemnity contract between a contractor and subcontractor expressly indemnifies the contractor for its own negligence. The lower court granted summary judgment for the subcontractor, Accurate Air Systems, Inc., finding the contract did not indemnify Glendale Construction Ser-

vices, Inc., the contractor, for its own negligence. We affirm.

## Fact Summary

David Raymond Brooks, a duct mechanic for Accurate Air Systems, Inc. (Accurate Air), was electrocuted when the duct work he was installing became electrically charged. Brooks' wife, Carol Brooks, sued Harris County, the owner of the construction site, AIA Engineers & Contractors, Inc., Polytech, Inc, Correct Electric Service Co., Accurate Air, and Glendale Construction Services, Inc. (Glendale) for negligence. Glendale was the general contractor and Accurate Air was the heating, ventilation, and air conditioning subcontractor on the construction project known as the Challenger 7 Memorial building.

Brooks' wife elected recovery under the Worker's Compensation Act as her remedy for negligence on the part of Accurate Air. Glendale and Polytech, Inc. settled with Brooks' wife. Glendale filed a third-party action against Accurate Air for contribution, indemnity and attorney fees. Both Glendale and Accurate Air filed motions for summary judgment. The trial court granted Accurate Air's motion for summary judgment. The court granted non-suits to Harris County, AIA Engineer & Contractors, Inc., and Correct Electric Service Co.

### A.

#### Indemnity

In point of error one, Glendale contends the trial court erred in denying its motion for summary judgment and in granting Accurate Air's motion for summary judgment on the indemnity cause of action.

For summary judgment to be proper, the movant must be entitled to judgment as a matter of law, and there must be no issues of material fact. *Nixon v. Mr. Property Mmgt., Co.,* 690 S.W.2d 546, 548–49 (Tex. 1985); *Mobil Oil Corp. v. Texas Commerce Bank–Airline,* 813 S.W.2d 607, 608 (Tex. App.—Houston [1st Dist.] 1991, no writ). When both parties move for summary judgment, as here, each party must carry its own burden as the movant and, in response to the

other party's motion, as the non-movant. *James v. Hitchcock ISD,* 742 S.W.2d 701, 703 (Tex.App.—Houston [1st Dist.] 1987, writ denied). As we review each of the motions for summary judgment, we must indulge all reasonable inferences and resolve all doubts in favor of the non-movant. *University of Texas Health Science Ctr. v. Big Train Carpet, Inc.,* 739 S.W.2d 792, 792 (Tex.1987).

#### 1. Failure to plead negligence

▪ In point of error one on rehearing, Glendale contends that an indemnitee's negligence is an affirmative defense that must be pled. Glendale argues that because Accurate Air had no pleadings of express negligence (either in its answer or its motion for summary judgment), the summary judgment was legally insufficient and should be reversed.

In answer to the third-party action, Accurate Air asserted a general denial and pled the worker's compensation defense. In its motion for summary judgment, Accurate Air pled that Glendale was sued by the plaintiff for various acts and omissions that the plaintiff claimed constituted negligence; that Glendale filed a third-party action against Accurate Air for indemnification; and that Accurate Air did not agree to indemnify Glendale for Glendale's negligence.

▪ The express negligence doctrine is set out in *Ethyl Corp. v. Daniel Const. Co.,* 725 S.W.2d 705, 708 (Tex.1987). The purpose of the express negligence test is to require a party who attempts to indemnify itself from its own negligence to express that intent in specific terms. *Fisk Elec. Co. v. Constructors & Assoc., Inc.,* 888 S.W.2d 813 (1994). The intent of the parties must be specifically stated within the four corners of the contract. *Ethyl Corp.,* 725 S.W.2d at 708.

Whether express negligence is an affirmative defense or a rule of contract interpretation was an issue that had divided the courts of appeals. Recently, the Supreme Court resolved the issue by holding that express negligence is a rule of contract interpretation, not an affirmative defense. *Fisk,* at 814. In *Fisk,* the Supreme Court cited with approval our opinion in *Monsanto Co. v. Owens–Corning Fiberglas,* 764 S.W.2d 293, 296

(Tex.App.—Houston [1st Dist.] 1988, no writ), and disapproved our opinion in *Construction Invs. & Consultants, Inc. v. Dresser Industries, Inc.,* 776 S.W.2d 790 (Tex. App.—Houston [1st Dist.] 1989, writ denied), and other opinions of the courts of appeals that held that express negligence was an affirmative defense. *Fisk,* 814–815. In *Monsanto,* we held that a general denial was sufficient to put into issue the validity of the indemnity provision requiring the indemnitor to establish the enforceability of the indemnity provision. 764 S.W.2d at 296. Based on *Fisk* and *Monsanto,* we overrule Glendale's point of error one on rehearing.

We now determine whether the contract met the express negligence test as a matter of law.

### 2. Express negligence test

■ Glendale contends the language of the indemnity provision meets the express negligence test because it clearly states Accurate Air will indemnify Glendale. The pertinent parts of the indemnity contract read:

11.11 Indemnification:

To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, the Architect and the Contractor and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney's fees, *arising out of or resulting from the performance of the Subcontractor's work under this Subcontract* provided that any such claim, damage, loss or expense attributable to bodily injury, sickness, disease, or death or to injury to or destruction of tangible property (other than work itself) including the loss of use resulting therefrom, *to the extent caused in whole or in part by a negligent act or omission of the Subcontractor or anyone directly or indirectly employed by him or anyone whose acts he may be liable, regardless of whether it is caused in part by a party indemnified hereunder.* Such obligation shall not be construed to negate or abridge or otherwise reduce any other right or obligation of indemnity which would otherwise exist

as to any party or person described in the Paragraph 11.11.

．　　　．　　　．　　　．　　　．

11.11.2 In any and all claims against the Owner, Architect, or the Contractor or any of their agents [sic] employees by any employee of the Subcontractor, anyone directly or indirectly employed by him or anyone for whose acts he may be liable, *the indemnification obligation under this Paragraph 11.11 shall not be limited any way by any limitation on the amount or type of damages, compensation of benefits payable by or for the Subcontractor under workers' or workmen's compensation acts, disability benefit acts or other employee benefit acts.*

(Emphasis added.)

The Supreme Court has applied the express negligence doctrine in a number of recent cases involving indemnitee agreements. In *Enserch Corp. v. Parker,* 794 S.W.2d 2 (Tex.1990), the contract stated Christie, the indemnitor, "assumes entire responsibility for any claim ... regardless of whether such claims ... are founded in whole or in part upon alleged negligence of [Enserch], [Enserch's] representative, or the employees, agents, invitees, or licensees thereof." *Id.* at 6–7 (emphasis omitted). The court held that the contract sufficiently showed that Christie expressly agreed to indemnify Enserch for the consequences of Enserch's own negligence. *Id.* at 8.

In *Atlantic Richfield Co. v. Petroleum Personnel, Inc.,* 768 S.W.2d 724 (Tex.1989), the contract provided that the indemnitor, PPI, agreed to hold harmless and unconditionally indemnify the indemnitee, ARCO, for "any negligent act of omission of [ARCO], its officer, agents or employees...." *Id.* at 724 (emphasis omitted). The court held the agreement met the express negligence test.

This Court interpreted an indemnity contract similar to the one involved here in *Robert H. Smith, Inc. v. Tennessee Tile, Inc.,* 719 S.W.2d 385 (Tex.App.—Houston [1st Dist.] 1986, no writ). The contract in *Smith* provided that the subcontractor, Tennessee Tile, would indemnify the contractor, Robert H. Smith, for "any negligent act or omission

of the Tennessee Tile, arising out of or resulting from the performance of the Subcontractor's Work ... regardless of whether it is caused in part by a party indemnified hereunder." *Id.* at 387 (emphasis omitted).[1] We held the subcontractor did not, by that language, indemnify the contractor for the contractor's own negligence. *Id.* at 388.

The indemnity agreement here is almost identical to the one we wrestled with in *Smith*, and we apply the same analysis. We find the indemnity agreement here did not expressly indemnify Glendale for its own negligence.

We overrule point of error one.

## B.

### Workers' Compensation

■ In point of error two, Glendale contends the trial court erred in denying its motion for summary judgment and in granting Accurate Air's motion for summary judgment on the contribution claim because Accurate Air waived the workers' compensation bar.

The workers' compensation bar, set out in former Tex.Rev.Civ.Stat.Ann. art. 8306, § 3(d)[2], stated that the payment of workers' compensation benefits is a bar to indemnity in the absence of a written agreement expressly assuming such liability. Here, Accurate Air agreed to indemnify Glendale even if it paid under workers' compensation. The indemnity agreement reads:

> [T]he indemnification obligation under this Paragraph 11.11 shall not be limited any way by any limitation on the amount or type of damages, compensation or benefits payable by or for the Subcontractor under workers' or workmen's compensation acts, disability benefit acts or other employee benefit acts.

We have held above that Glendale was not entitled to indemnification for its own negli-

gence. Because Glendale is not entitled to indemnification, any waiver of the worker's compensation bar is immaterial. We overrule point of error two.

## C.

### Attorney Fees

■ In point of error three, Glendale contends the trial court erred in denying its request for attorney fees. Under this point, Glendale also argues that Accurate Air's motion for summary judgment was legally insufficient because it did not address the issue of Glendale's attorney fees. Glendale claims a cause of action for attorney fees is separate from a cause of action for indemnification.

Accurate Air contends it requested summary judgment against Glendale on all the claims Glendale asserted against it, including attorney fees. Accurate Air contends it was not required to separately address Glendale's claim for attorney fees in its motion for summary judgment because Glendale was entitled to attorney fees only when it was indemnified for Accurate Air's negligence. We agree.

The Supreme Court has held that absent a duty to indemnify there is no obligation to pay attorney fees. *Fisk*, at 815–816. We apply the same reasoning and find there is no obligation to pay attorney fees.

Glendale claims the attorney fees are a separate cause of action, and refers to our opinion in *Construction Investments & Consultants*. The Supreme Court expressly disapproved of our holding in *Construction Investments & Consultants*. *Fisk*, at 814–815.

We overrule point of error three and affirm the judgment of the trial court.

---

**1.** In deciding *Smith*, this Court applied the "clear and unequivocal" test set out in *Eastman Kodak Co. v. Exxon Corp.*, 603 S.W.2d 208, 211 (Tex.1980). *See Smith*, 719 S.W.2d at 388. That test was replaced by the express negligence test in *Ethyl*, 725 S.W.2d at 708. The difference between the clear and unequivocal test used in *Smith* and the express negligence test is minimal.

In this case, we apply the express negligence test from *Ethyl*.

**2.** Act of May 5, 1983, 68th Leg., R.S., ch. 131, § 1, 1983 Tex.Gen.Laws 613, 614, *repealed by* Act of December 13, 1989, 71st Leg., 2d C.S., ch. 1, § 16.01(7), 1989 Tex.Gen.Laws 114, 114.