Dismissed and Memorandum Opinion filed November 15, 2007








Dismissed and Memorandum Opinion filed November 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00313-CV

____________

 

GALVESTON INDEPENDENT SCHOOL
DISTRICT,
Appellant

 

V.

 

BRENT JACO, Appellee

 



 

On Appeal from the 56th
District Court  

Galveston County, Texas

Trial Court Cause No. 06CV1011

 



 

M E M O R A N D U M  O P I N I O N

Appellant,
Galveston Independent School District (the ADistrict@), brings this interlocutory appeal
contesting the trial court=s denial of its motion for summary judgment.  We dismiss the
appeal for lack of jurisdiction. 

BACKGROUND








The
District hired Jaco in 1998 as a teacher and head athletic trainer.  Jaco was
subsequently promoted, pursuant to a term contract, to the position of Director
of Athletics and Extracurricular Activities for the 2005-06 school year. 
During the 2005-06 school year, Jaco learned that a student playing high school
football was ineligible to participate in sports due to a University
Interscholastic League (AU.I.L.@) residency requirement.  Jaco discussed the possible U.I.L.
violation with school officials, including the District=s superintendent.  On November 9,
2005, Jaco, with the approval of the District, submitted a written report
regarding the residency violation to the U.I.L.  

On
December 16, 2005, the District reassigned Jaco to the position of athletic
trainer.[1]  On January
6, 2006, Jaco appealed the transfer through the District=s administrative grievance process. 
After a hearing, the District reinstated Jaco=s job position as Director of
Extracurricular Activities, but not Director of Athletics.  Thereafter, the
District did not offer Jaco his previous position of Director of Athletics or
Director of Extracurricular Activities for the 2006-07 school year.  Instead,
on May 1, 2006, the District offered Jaco a term contract as a teacher for the
2006-07 school year.   

On April
4, 2006, Jaco filed suit against the District, alleging violations under the
Texas Whistleblower=s Act.  The District filed a no-evidence and traditional
summary judgment motion.  When the trial court denied the motion, the District
filed an interlocutory appeal involving appellate jurisdiction under section
51.014(a)(8) of the Texas Civil Practice and Remedies Code.  

JURISDICTION
OF INTERLOCUTORY APPEALS








Generally,
a Texas appellate court has jurisdiction to hear only an appeal from a final
judgment.  Jack B. Anglin Co., Inc. v. Tipps, 842 S.W.2d 266, 272 (Tex.
1992).  Because denial of a motion for summary judgment is not a final
judgment, it is therefore generally not appealable.  Cincinnati Life Ins. Co
v. Cates, 927 S.W.2d 623, 625 (Tex. 1996); Frias v. Atlantic Richfield
Co., 999 S.W.2d 97, 101 (Tex. App.CHouston [14th Dist.] 1999, pet.
denied).   However, appellate courts have jurisdiction to consider immediate
appeals of interlocutory orders if a statute explicitly provides appellate
jurisdiction. Qwest Communications Corp. v. AT&T Corp., 24 S.W.3d
334, 336 (Tex. 2000); Young v. Villegas, 231 S.W.3d 1, 5 (Tex. App.CHouston [14th Dist.] 2007, no pet.
h.); Baylor College of Medicine v. Tate, 77 S.W.3d 467, 469 (Tex. App.CHouston [1st Dist.] 2002, no pet.); see
also Tex. Civ. Prac. & Rem. Code
Ann. ' 51.0149(a)(8) (Vernon 2002) (statutory list of appealable interlocutory
orders).  We construe an interlocutory appeal statute strictly because it Ais a narrow exception to the general
rule that only final judgments and orders are appealable.@ Bally Total Fitness Corp. v.
Jackson, 53 S.W.3d 352, 355 (Tex. 2001); Mills v. Corvette of Houston,
Inc., 44 S.W.3d 197, 199 (Tex. App.CHouston [14th Dist.] 2001, no pet.);
America Online, Inc. v. Williams, 958 S.W.2d 268, 271 (Tex. App.CHouston [14th Dist.] 1997, no pet.). 

Section
51.014(a)(8)

The
District argues that we have jurisdiction over this appeal pursuant to section
51.014(a)(8) of the Texas Civil Practice and Remedies Code, which provides that
a person may appeal from an interlocutory order that Agrants or denies a plea to the
jurisdiction by a governmental unit as that term is defined in Section 101.001.@  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).  School districts are Agovernmental units@ under section 101.001.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.001(3)(B) (Vernon 2005). 








As a
prerequisite in deciding whether this Court has jurisdiction to address this
interlocutory appeal, we must first determine whether the District=s motion for summary judgment can be
construed as a plea to the jurisdiction.  Tate, 77 S.W.3d at 471.  We
recognize that the nature of a pleading is determined by its substance, not by
its format or caption.  Tex. R. Civ. P.
71; Surgitek, Briston-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex.
1999); Toubaniaris v. Am. Bureau of Shipping, 916 S.W.2d 21, 23 (Tex.
App.CHouston [1st Dist.] 1995, no writ). 
Its substance is determined by what effect a grant of the plea will have on the
proceeding.  Tate, 77 S.W.3d at 471; Robert H., Smith, Inc. v.
Tennessee Tile, Inc., 719 S.W.2d 385, 387 (Tex. App.CHouston [1st Dist.] 1986, no writ
(citing Austin Neighborhoods Council, Inc. v. Bd. of Adjustment of City of
Austin, 644 S.W.2d 560, 565 (Tex. App.CAustin 1982, writ ref=d n.r.e.)).  Therefore, it is
necessary to determine the nature of the relief sought and the basis thereof in
the District=s summary judgment motion.  

In its
motion for summary judgment, the District asserts that it is entitled to
summary judgment on two bases: (1) Jaco=s Afailure to exhaust initial grievance
procedures is fatal to his Whistleblower=s claim@; and (2) Jaco=s Aclaim fails as a matter of law.@  In arguing Jaco=s failure to initiate the District=s grievance procedures, the District
states that  A[a]lthough the >failure to comply with the various deadlines of the
Whistleblower Act is not a jurisdictional defect,= the failure to comply warrants
dismissal if raised by a motion for summary judgment.@  This statement makes it clear that
the District did not seek relief based on the trial court=s lack of subject matter
jurisdiction.  The District=s second argument attacks the merits of Jaco=s claim.  The District also sets
forth the proper motion for summary judgment standard of review, requesting
relief under no-evidence and traditional summary judgment standards.  See
Tate, 77 S.W.3d at 472.  Most importantly, in its motion for summary
judgment, the District never asserts sovereign immunity and never challenges
the trial court=s jurisdiction.  Id.[2] 









Under
section 51.014(a)(8), an interlocutory appeal is available only to challenge
the granting or denial of a plea to the jurisdiction by a governmental unit.  A
defendant files such pleading to urge that the trial court lacks subject matter
jurisdiction.  However, the substance of the District=s motion for summary judgment did not
challenge the trial court=s jurisdiction to hear Jaco=s claim.  Instead, the District
raised issues on the merits of Jaco=s claim and argued Jaco=s failure to initiate grievance
procedures was not jurisdictional, but rather constituted a basis for relief in
a summary judgment setting.

CONCLUSION 

After
reviewing the District=s motion for summary judgment, we conclude that the motion
was based on the merits of Jaco=s claim and did not raise the issue of trial court subject
matter jurisdiction.  Accordingly, we do not have jurisdiction under section
51.014(a)(8) to review by interlocutory appeal the District=s assertions of sovereign immunity. 

We
dismiss the appeal for lack of jurisdiction.

 

 

/s/        Adele Hedges

  Chief Justice

 

Judgment rendered and Memorandum
Opinion filed November 15, 2007.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).









[1]  There is a dispute between the parties as to whether
this employment action constitutes a demotion.





[2]  Tate addressed the issue regarding
jurisdiction over 51.014(a)(8) appeals where the governmental entity files a
motion for summary judgment and not a plea to the jurisdiction.  In Tate,
the plaintiff filed a Texas Tort Claims Act (ATTCA@) lawsuit against Baylor, a governmental entity, for a
personal injury that arouse out of alleged medical malpractice.  Baylor brought
an accelerated appeal contesting the trial court=s denial of its summary judgment motion.   Before reaching the merits
of Baylor=s appeal, the Court was required to determine whether
it had jurisdiction to review the appeal.  Id. at 472.  In making this
determination, the Court had to decide whether Baylor=s summary judgment motion could be construed as a plea
to the jurisdiction pursuant to section 51.014(a)(8).  Baylor=s motions for summary judgment alleged that it was
entitled to summary judgment because it was immune from liability.  Immunity
from liability is a summary judgment issue, whereas immunity from suit is a
jurisdictional issue to be raised in a plea to the jurisdiction.  See id.
at 472-73.  In its reply to Tate=s
summary judgment response, Baylor argued that it was entitled to summary
judgment because Tate failed to give notice as required under TTCA, a statutory
prerequisite.  Baylor did not allege that it was immune from suit and did not
challenge the trial court=s jurisdiction to hear the case.  Id.  After
reviewing Baylor=s answer and the content of the numerous motions for
summary judgment, the Court concluded that Baylor was asserting a motion for
summary judgment based on immunity from liability and not a plea to the
jurisdiction based on immunity from suit.  Id.  Therefore, because
Baylor=s summary judgment motion could not be construed as a
plea to the jurisdiction, the appeal was dismissed for lack of jurisdiction.