**BAYLOR COLLEGE OF MEDICINE,**
**Appellant,**

v.

**John David TATE, Jr., Appellee.**

**No. 01-01-00636-CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 23, 2002.

Claude McQuarrie, III, Katherine D. Mackillop, David R. Iler, Fulbright & Jaworski L.L.P., Houston, for Appellant.

Monica Celeste Vaughan, Houssiere, Durant & Houssiere, Houston, for Appellee.

Panel consists of Justices MIRABAL, HEDGES, and JENNINGS.

## OPINION

ADELE HEDGES, Justice.

Baylor College of Medicine (Baylor) brings this accelerated appeal contesting the trial court's denial of its motion for summary judgment. We dismiss the appeal for lack of jurisdiction.

## FACTS

The underlying suit for personal injury arose out of alleged medical malpractice. On July 16, 1998, John Tate Jr. (Tate) received treatment at Ben Taub Hospital (Ben Taub) for a broken ankle. Ben Taub is owned and operated by the Harris County Hospital District (the District). The District staffs Ben Taub with resident physicians from Baylor and the University of Texas College of Medicine. Two of Baylor's doctors, Dr. Lindsey and Dr. Vagner, provided treatment to Tate's ankle which required surgery. Tate was released on July 23, 1998. He had follow up visits on August 7, September 3, and October 1, 1998, with Dr. Goldberg and Dr. Bartz, also Baylor orthopedic surgery residents. In mid-October, Tate received treatment in a Conroe hospital for an infection related to his surgery. Tate brought suit based on medical negligence against Baylor, Ben Taub, the District, and the doctors who treated him.

Baylor filed a motion for summary judgment, asserting that it was immune from liability based on the language in Texas Health and Safety Code section 312.006 and that it could only be liable if immunity was waived under the Texas Torts Claims Act (TTCA). It argued that, because Tate did not provide it with six months notice of his claims pursuant to section 101.101(a), it was immune from liability. Tate responded that the language of section 312.006 only provides a limitation on damages; it neither provides immunity, nor adopts any of the procedural rules found in the TTCA.

In its order denying Baylor's motion for summary judgment, the trial court held that Baylor is a supported medical school under chapter 312 of the Texas Health and Safety Code; that chapter 312 provides only the damages limitation found in section 101.023(a) of the TTCA, not the conferral of immunity; and that the notice requirement and the waiver of immunity provision of the TTCA do not apply to a supported medical school. The trial court expressly declined to decide whether Tate had provided proper notice of its claim to Baylor. Baylor prosecutes this appeal from that order.

## Jurisdiction

 Generally, a Texas appellate court has jurisdiction to hear only an appeal from a final judgment. *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). A denial of a motion for summary judgment is not a final judgment and is therefore generally not appealable. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex.1996). However, appellate courts have jurisdiction to consider immediate appeals of interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998); *New York Underwriters Ins. Co. v. Sanchez*, 799 S.W.2d 677, 679 (Tex.1990); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp. 2002) (statutory list of appealable interlocutory orders). We construe the statute authorizing interlocutory appeals strictly because it "is a narrow exception to the general rule that only final judgments and

orders are appealable." *Texas Dept. of Transp. v. City of Sunset Valley*, 8 S.W.3d 727, 730 (Tex.App.-Austin 1999, no pet.) (citing *America Online, Inc. v. Williams*, 958 S.W.2d 268, 271 (Tex.App.-Houston [14th Dist.] 1997, no pet.)); *see also City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 753 (Tex.App.-Austin 1998, no pet.); *Tober v. Turner of Texas, Inc.*, 668 S.W.2d 831, 835 (Tex.App.-Austin 1984, no writ).

## Section 51.014(5)

Baylor argues that we have jurisdiction over this appeal pursuant to section 51.014(5) of the Texas Practice and Remedies Code, which provides that "a person may appeal from an interlocutory order of a district court ... that denies a motion for summary judgment that is *based on an assertion of immunity by an individual* who is an officer or employee of the state or a political subdivision of the state." TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(5) (emphasis added). On appeal, Baylor contends that its motion for summary judgment is based in part on the doctors'[1] official immunity, and that it is entitled to the benefits of section 51.014(5) based on its having been sued on the theory of vicarious liability.

In support of its argument, Baylor cites *City of Houston v. Swindall* and *State v. McGeorge*. We address these cases in turn.

In *City of Houston v. Swindall*, the City brought an interlocutory appeal from the denial of a motion for summary judgment. 960 S.W.2d 413, 414 (Tex.App.-Houston [1st Dist.] 1998, no pet.). Swindall argued that we did not have jurisdiction because the City's claim of immunity was based on the theoretical assertion of official immunity by an unnamed defendant. *Id.* at 416. In holding that the case was properly before us, we recognized that the supreme court had recently stated that an intermediate court has jurisdiction over an interlocutory appeal, "if the government bases its theory of sovereign immunity on either the actual or hypothetical assertion of official immunity." *Id.* (citing *City of Beverly Hills v. Guevara*, 904 S.W.2d 655, 656 (Tex.1995)).

In *State v. McGeorge*, the State appealed the trial court's denial of its motion for summary judgment. 925 S.W.2d 105, 107 (Tex.App.-Houston [14th Dist.] 1996, pet. denied). The appellate court held that it had jurisdiction over the appeal because the phrase, "assertion of immunity by an individual who is an officer or employee of the state," is "satisfied where a claim of immunity by a governmental entity in its motion for summary judgment is based on an assertion of official immunity of an employee, even where, as here, the employee is neither a movant for summary judgment or even a party to the suit." *Id.*

Baylor correctly points out that, based on these two cases, it is not necessary that the individual claiming official immunity be a party to the summary judgment. *Swindall*, 960 S.W.2d at 416; *McGeorge*, 925 S.W.2d at 107. However, both cases require that the summary judgment motion be based on the assertion of official immunity by an individual and liability of the governmental entity premised on vicarious liability. *Swindall*, 960 S.W.2d at 416; *McGeorge*, 925 S.W.2d at 107.

Baylor makes an argument that its summary judgment motion is based on the assertion of immunity by the doctors. After reviewing the summary judgment motion and all supplemental motions for summary judgment, we conclude that its motion was not based on the assertion of immunity by the doctors. Indeed, in their

---

**1.** Doctors Goldberg, Vagner, Bartz, and Lindsey.

answer, the doctors did not assert the affirmative defense of official immunity. In addition, although plaintiffs sought recovery from Baylor based on both direct negligence and vicarious liability, Baylor's motion for summary judgment addressed only direct negligence. Accordingly, section 51.014(5) does not afford appellate jurisdiction over this interlocutory appeal. *See City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex.1993) (holding that court of appeals did not have jurisdiction because "city employee never asserted the affirmative defense of qualified immunity, nor filed his own motion for summary judgment on the issue of qualified immunity"); *Austin Indep. Sch. Dist. v. Gutierrez,* 54 S.W.3d 860, 862 n. 2 (Tex.App.-Austin 2001, no pet.) (concluding that it had no jurisdiction to consider denial of summary judgment because it was not based on assertion of immunity by individual officer or employee of state).

### Section 51.014(8)

Baylor alternatively argues that jurisdiction is conferred by section eight, which provides that a person may appeal from an interlocutory order that "grants or denies a plea to the jurisdiction by a governmental unit as that term is defined in Section 101.001." Tex. Civ. Prac. & Rem.Code Ann. § 51.014(8). State agencies are "governmental units" under section 101. Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(a) (Vernon Supp.2002). As a defined "supported medical school," Baylor is statutorily declared to be a state agency for limited purposes, as applicable in this case. Tex. Health & Safety Code Ann. § 312.007 (Vernon Supp.2002).

As a prerequisite in deciding whether this Court has jurisdiction to address this interlocutory appeal, we must first determine whether Baylor's motion for summary judgment and subsequent motions can be construed as a plea to the jurisdiction. We recognize that the nature of a pleading is determined by its substance, not by its format or caption. Tex.R. Civ. P. 71; *Toubaniaris v. American Bureau Shipping,* 916 S.W.2d 21, 23 (Tex.App.-Houston [1st Dist.] 1995, no writ). Its substance is determined by what effect it will have on the proceeding if granted. *Austin Neighborhoods Council v. Board of Adjustment,* 644 S.W.2d 560, 565 (Tex. App.-Austin 1982, writ ref'd n.r.e.).

To determine the nature of Baylor's pleading, we must identify its asserted basis for relief. We examine Baylor's motion for summary judgment to determine whether it should be considered as a plea to the jurisdiction for purposes of analysis under section 51.014(8).

There is some confusion whether, in its motion for summary judgment, Baylor claimed immunity from suit, immunity from liability, or both. Immunity from suit and immunity from liability are separate principles. *Texas Dep't Of Transp. v. Jones,* 8 S.W.3d 636, 638 (Tex.1999). They afford the State and its agencies distinct protections, and their procedural postures are entirely different. Perhaps the greatest difference between these types of immunities is their respective jurisdictional ramifications.

Immunity from suit prohibits an action against the State unless consent to the suit has been expressly provided. *Id.* It is the burden of the party suing the State to establish the State's consent, by alleging either a statute or another express legislative permission. *Id.* Immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *Id.* at 638–39.

By contrast, immunity from liability prohibits adverse judgments against

the State even if there is consent to sue. *Id.* This type of immunity is an affirmative defense, which must be pleaded to avoid waiver. *Id.* The trial court's jurisdiction is unaffected by immunity from liability. *Id.* The appropriate procedural mechanism to assert immunity from liability is in a motion for summary judgment.

In section 51.014(8), the Legislature intended that interlocutory appeal be available only to challenge the granting or denial of a plea to the jurisdiction by a governmental unit. Clearly, this section applies to, among other things, assertions of immunity from suit. It does not apply to assertions of immunity from liability. Hence, it is necessary to determine the nature of Baylor's claim.

In Baylor's third amended original answer, it asserted that it is immune from liability and that no waiver has occurred pursuant to section 101.021 (which waives immunity from liability). TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Governmental Liability). In Baylor's first motion for summary judgment, it asserted immunity from liability pursuant to section 312.006. TEX. HEALTH & SAFETY CODE ANN. § 312.006. Baylor argues that the notice provisions provided for in the TTCA apply to Tate's claims. It contends that, because Tate failed to give notice in a timely manner, it was entitled to summary judgment. Throughout the motion, Baylor asserted *immunity from liability.* Baylor also detailed the proper motion for summary judgment standard of review. Most importantly, Baylor did not challenge the trial court's jurisdiction to hear the case.

In its reply to Tate's response to the summary judgment motion, Baylor argued that it was entitled to summary judgment because Tate failed to give notice. Baylor concluded the reply by stating, "it is clear that [Tate's] evidence fails to create an issue of material fact on the claim that Baylor had actual notice of its culpability for an injury to John Tate." Once again, Baylor did not assert that the trial court lacked jurisdiction.

In its supplemental motion for summary judgment and motion to reconsider motion for summary judgment, Baylor asserted that it is entitled to summary judgment on two bases: (1) it is statutorily immune from liability and (2) Tate failed to give notice. In this supplement, Baylor continued to assert that it was "not liable (*i.e.,* is immune from liability)." In interpreting the phrase, "is not liable" in section 312.006, Baylor argued that "[s]uch words can have no meaning other than 'is immune from liability.'" Baylor also made numerous references to section 101.021 of the TTCA. In fact, one of its headings is entitled, "Plaintiff's Claim Does Not Fall Within TTCA Section 101.021 Waiver of Immunity."[2]

Finally, in its second motion to reconsider motion for summary judgment, Baylor continued to argue that section 312.006 grants it immunity from liability. Once again, Baylor stated that Chapter 312 of the Health and Safety Code lends itself to only one interpretation: that Baylor is not liable (*i.e.* immune from liability). References to immunity from liability and section 101.021 of the TTCA are also found throughout the motion.

After reviewing Baylor's answer and the content of the numerous motions for summary judgment, we can conclude only that Baylor was asserting a motion for summary judgment based on immunity from liability and not a plea to the jurisdiction based on immunity from suit. We hold that Baylor's motion for summary judgment cannot be construed as a plea to the

2. Section 101.021 provides a waiver of immunity from liability.

jurisdiction because the content of the motion did not assert that the trial court lacked subject matter jurisdiction. Further, immunity from liability, which Baylor clearly asserted, would not have properly been raised in a plea to the jurisdiction because that affirmative defense does not deprive the court of subject matter jurisdiction. *Tex. Dep't. of Transp.*, 8 S.W.3d at 638.

### Conclusion

We dismiss the appeal for lack of jurisdiction.