In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-02-00081-CV
____________

CITY OF HOUSTON, Appellant

V.

NICHOLONORIA MCCULLOUGH, Appellee




On Appeal from the 11th District Court 
Harris County, Texas
Trial Court Cause No. 2001-50912 




MEMORANDUM OPINION
          The City of Houston brings this interlocutory appeal from the trial court’s order
denying its plea to the jurisdiction based on sovereign immunity.


 We reverse and
render judgment dismissing the claims of appellee, Nicholonoria McCullough.
Facts
          On October 2, 2001, Houston Police Officer Adrian Haywood stopped
Nickolonoria McCullough for an alleged traffic violation. Haywood arrested
McCullough, placed her in his patrol car, and drove her to a deserted parking lot,
where he sexually assaulted her at gunpoint. Haywood was subsequently convicted
for the offenses of aggravated sexual assault and official oppression. 
Procedural History
          McCullough sued the City of Houston and the Houston Police Department,



asserting negligence claims under the Texas Tort Claims Act (TTCA). See Tex. Civ.
Prac. & Rem. Code Ann. § § 101.001-.109 (Vernon 1997 & Supp. 2002). As a basis
for the City’s liability, McCullough alleged:
31.     Plaintiff McCullough’s injuries arose as a direct and proximate
result of all Defendants’ negligence and wrongful use and/or
misuse of Defendant City’s and HPD’s tangible personal
property, including but not limited to the badge, uniform, gun,
computer, radio, telephone, and motor vehicle . . . . 
 
34.     Defendants City and HPD failed to provide police protection to
Plaintiff McCullough.
 
35.     Plaintiff McCullough’s injuries and damages arose as a direct and
proximate result of Defendants City’s and HPD’s negligent
implementation of their governmental function, i.e., to provide
police protection to Plaintiff McCullough.
 
36.     Plaintiff McCullough’s injuries and damages arose as a direct and
proximate result of Defendants City’s and HPD’s negligent
implementation of the use of their tangible personal property, i.e.,
the radio, computer, telephone, and motor vehicle . . . . 
 
38.     Defendants City’s and HPD’s negligent implementation of the use
of their tangible personal property created an opportunity, means,
and private location for Haywood’s sexual assault on Plaintiff
McCullough . . . . 
 
46.     Defendants City and HPD owned and/or controlled the use and
operation of the motor-driven vehicle used by Haywood and they
owned and/or controlled the use of tangible personal property
used by Haywood, i.e., badge, uniform, gun, telephone, radio,
vehicle, and computer. 
 
McCullough’s petition contained additional enumerated allegations that do not vary
substantively from the allegations presented above.
          In response to McCullough’s amended petition, the City filed a plea to the
jurisdiction asserting sovereign immunity. The City argued that McCullough’s
claims, which stemmed from Haywood’s intentional acts, did not fall within the
waiver of immunity provisions of the TTCA. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.021 (Vernon 1997). The trial court denied the plea to the jurisdiction.
          In a single issue, the City contends that the trial court erred by denying its plea
to the jurisdiction because McCullough did not assert a claim that waives immunity
from suit under the TTCA. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021. 
Plea to the Jurisdiction
          A plea to the jurisdiction contests the trial court’s authority to determine the
subject matter of the cause of action. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d
547, 554 (Tex. 2000); City of Houston v. Rushing, 7 S.W.3d 909, 913 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied ). Because subject matter jurisdiction
presents a question of law, we review the trial court’s order denying a plea to the
jurisdiction de novo. Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998); Hampton v. Univ. of Texas, 6 S.W.3d 627, 629 (Tex. App.—Houston [1st
Dist.] 1999, no pet.). The plaintiff must plead factual allegations that affirmatively
demonstrate the court’s jurisdiction to hear the case. See Rushing, 7 S.W.3d at 913. 
Although we look to a plaintiff’s pleadings to determine whether jurisdiction exists,
we may look beyond the pleadings and are required to do so when necessary to
resolve the jurisdictional issues raised. See Blue, 34 S.W.3d at 555. Our task is not
to determine the merits of the case. See Rushing, 7 S.W.3d at 913; Baston v. City of
Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.—Corpus Christi 2001, pet. denied). 
Rather, taking facts pled in the petition as true, we determine whether those facts
support jurisdiction in the trial court. See Baston, 49 S.W.3d at 427-28. 
Sovereign Immunity
          Unless waived, sovereign immunity protects the State of Texas from lawsuits
for damages. See Gen. Servs. Comm’n. v. Little-Tex Insulation Co., 39 S.W.3d 591,
594 (Tex. 2001); Scott v. Praire View A & M Univ., 7 S.W.3d 717, 719 (Tex.
App.—Houston [1st Dist.] 1999, pet. denied). Sovereign immunity encompasses two
distinct principles: immunity from liability and immunity from suit. See Texas Dep’t
of Transp. v. Jones, 8 S.W.3d 636, 638 (Tex. 1999); Scott, 7 S.W.3d at 719. 
          Immunity from liability prohibits adverse judgments against the State even if
the State has consented to suit. See Jones, 8 S.W.3d at 638-39; Baylor Coll. of Med.
v. Tate, 77 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This
type of immunity is an affirmative defense that must be pled to avoid waiver. See id. 
Because the trial court’s jurisdiction is unaffected by immunity from liability, the
appropriate procedural mechanism for asserting immunity from liability is in a motion
for summary judgment. See id. 
          By contrast, immunity from suit prohibits an action against the State unless
consent to the suit has been expressly provided. See id. The party suing the State has
the burden to establish the State’s consent, by alleging either a statute or another
express legislative permission. Id. Immunity from suit defeats a trial court’s subject
matter jurisdiction and is properly asserted in a plea to the jurisdiction. Id. 
          In the context of the TTCA, immunity from liability is waived under certain
circumstances. See Scott, 7 S.W.3d at 719; Tex. Civ. Prac. & Rem. Code Ann. §
101.021. The TTCA also waives immunity from suit to the same extent immunity
from liability is waived. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025.
Because the TTCA waives both immunity from liability and immunity from suit, a
plaintiff’s satisfaction of the waiver provisions may properly be challenged in a plea
to the jurisdiction.


 
          The TTCA waives sovereign immunity if the claim falls within a specific area
of liability and does not fall under one of two statutory exceptions. Scott, 7 S.W.3d
at 719. Sovereign immunity is waived when (1) an injury is caused by an employee’s
use of a motor-driven vehicle or (2) an injury is caused by an employee’s use of
tangible personal or real property. Tex. Civ. Prac. & Rem. Code Ann. § 101.021. 
This waiver of immunity does not extend, however, to an injury arising from an
intentional tort or governmental discretionary conduct. Tex. Civ. Prac. & Rem.
Code Ann. § 101.057.
          In the present case, McCullough claims to have standing under both waiver
provisions of section 121.021 because her injury resulted from (1) the City’s
negligent operation or use of a motor vehicle, and (2) the City’s negligent use of
tangible personal property. The City argues that McCullough’s injuries stem from the
commission of an intentional tort and are exempted from the TTCA waiver
provisions.
Analysis
          Under the TTCA, the intentional tort exception to waiver of immunity may not
be circumvented by merely alleging that the government was negligent in supervising
the employee-tortfeasor. See Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex.
1992). The plaintiff must allege specific facts that support a negligence claim apart
from an intentional tort claim. See id. In response to the City, McCullough concedes
that Haywood committed intentional acts exempted from the TTCA’s waiver of
immunity, but contends that other, unknown City employees committed negligent acts
that caused McCullough’s injuries.
          Invoking the first waiver provision of section 121.021, McCullough contends
that the City was negligent in its operation or use of a motor-driven vehicle. See Tex.
Civ. Prac. & Rem. Code Ann. § 121.021(1). “Use” means “to put or bring into
action or service; to employ for or apply to a given purpose.” Tex. Natural Res.
Conservation Comm’n v. White, 46 S.W.3d 864, 869 (Tex. 2001). In order to show
waiver under section 121.021(1), the use of the vehicle must actually cause the
complainant’s injury. See id. In this case, only Haywood used the police car to
facilitate his commission of an intentional tort. There were no other employees
“using” the police car. McCullough’s pleadings alleged that the City owned the
police car, but she cites us to no authority, and we are aware of none, holding that
ownership of a vehicle, without more, satisfies the “use” requirement of section
121.021(1). Because McCullough did not provide any factual basis to show that the
City negligently used a motor vehicle that caused her injury, her claims do not fall
within the section 121.021(1) waiver provision.
          Alternatively, McCullough invokes the second waiver provision of section
121.021 by contending that the City was negligent in its use of tangible personal
property, including its badge, uniform, gun, telephone, radio, vehicle, and computer. 
See Tex. Civ. Prac. & Rem. Code Ann. § 121.021(2). McCullough alleged that the
City was negligent because it did not use tangible personal property such as the
telephone, radio, or computer to “clear the traffic stop,” i.e., determine McCullough’s
status with Haywood. Property, however, does not cause injury if it does no more
than furnish the condition that makes injury possible. Id. To state an actionable
claim under section 101.021(2), a plaintiff must plead facts that show a condition or
use of property that proximately caused personal injury or death. See Dallas County
Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 342-43 (Tex.
1998). This requires more than mere involvement of the property. See id. at 343. 
Instead, a plaintiff must show a close causal relationship between the condition or use
of property and the resulting injury. See id.; Scott, 7 S.W.3d at 720. 
          Here, the alleged failure of the City to clear the traffic stop by telephone, radio,
or computer was not the proximate cause of McCullough’s injury. Rather, the
proximate cause of her injury was Haywood’s intentional tort. McCullough’s
pleadings never stated a close causal relationship between the City’s alleged failure
to clear the traffic stop through telephone, radio, or computer and her injury. 
McCullough generally and repeatedly asserts that the City negligently used or
“implemented” its tangible personal property, but she never explains what acts
constituted negligence, what personal property was negligently used, or how this
negligence caused her injury. Likewise, although McCullough alleged that the City
failed to provide police protection, she never provided any factual predicate to
substantiate her allegation, nor did she state that such a failure, if any, proximately
caused her injury. Allegations such as these, which consist of general conclusions
without any assertions of fact, do not satisfy the waiver provisions of the TTCA. See
Bossley, 968 S.W.2d at 342-43.
          We hold that McCullough’s pleadings did not allege sufficient facts to assert
a claim that waives immunity under the TTCA. Accordingly, the trial court erred by
denying the City’s plea to the jurisdiction. 
          We sustain appellant’s point of error.   
Conclusion
          We reverse the trial court’s order denying the City’s plea to the jurisdiction and
render judgment dismissing McCullough’s claims for lack of jurisdiction.
 
 
 
 
     Elsa Alcala
     Justice

Panel consists of Justices Taft, Alcala, and Price.