Opinion issued December 22, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00332-CV




TEXAS SOUTHERN UNIVERSITY, Appellant

V.

STRENGTH, SPEED & AGILITY PROGRAM, INC., Appellee




On Appeal from the 280th District Court
Harris County, Texas
Trial Court Cause No. 2004-51666




MEMORANDUM OPINION
          Appellant, Texas Southern University (“TSU”), brings this interlocutory appeal
of the trial court’s denial of TSU’s plea to the jurisdiction in a suit by appellee,
Strength, Speed & Agility Program, Inc., for breach of an oral contract. We reverse
the court’s order and remand the cause. 
BACKGROUND
          Appellee sued TSU, alleging breach of an oral contract to rent a university
facility for a cheerleading contest. Appellee sought damages in the amount of
$150,000, attorney’s fees, pre- and postjudgment interest, and costs. In its pleading,
appellee did not allege any waiver of immunity. In its amended plea to the
jurisdiction, TSU asserted that sovereign immunity deprived the trial court of
jurisdiction over appellee’s claim. The trial court denied TSU’s plea, and TSU
brought this appeal. 
DISCUSSION
Standard of Review
          A plea to the jurisdiction is appropriate whenever a governmental unit believes
that the trial court lacks subject matter jurisdiction. Texas Dep’t of Transp. v. Jones,
8 S.W.3d 636, 638 (Tex. 1999). When deciding whether to grant a plea to the
jurisdiction, the trial court must look solely to the allegations in the petition. Liberty
Mut. Ins. Co. v. Sharp, 874 S.W.2d 736, 739 (Tex. App.—Austin 1994, writ denied). 
The plaintiff bears the burden of alleging facts affirmatively showing that the trial
court has subject matter jurisdiction. Texas Ass’n of Bus. v. Texas Air Control Bd.,
852 S.W.2d 440, 446 (Tex. 1993). The court of appeals must take the allegations
in the petition as true and construe them in favor of the pleader. Id. Whether a trial
court has subject matter jurisdiction is a question of law and is reviewed de novo. 
Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998). 
Sovereign Immunity
          In its sole issue, TSU contends that the district court should have granted its
plea to the jurisdiction because TSU is a state agency and is immune from suit for
breach of contract as a matter of law. TSU argues that appellee cannot amend its
pleadings to confer jurisdiction and that, therefore, we should reverse the judgment
of the trial court and render judgment sustaining TSU’s plea to the jurisdiction. 
          Sovereign immunity embraces two principles: immunity from suit and
immunity from liability. Fed. Sign v. Tex. S. Univ., 951 S.W.2d 401, 405 (Tex. 1997). 
Immunity from suit bars a suit against the State unless the State expressly gives its
consent to the suit. Id. Immunity from suit deprives the trial court of subject matter
jurisdiction and is properly asserted by a plea to the jurisdiction. Baylor Coll. of Med.
v. Tate, 77 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2002, no pet.). 
          Immunity from liability protects the State from judgments even if the State has
waived immunity from suit. Fed. Sign, 951 S.W.2d at 405. When the State contracts,
it is liable on its contract as if it were a private person. Id. Thus, when the State
contracts with a private person, it waives immunity from liability. Id. at 405–06. 
Immunity from liability is not jurisdictional and may not be asserted by a plea to the
jurisdiction, but may be asserted in a motion for summary judgment. Tate, 77 S.W.3d 
at 471-72. 
          However, the act of waiving immunity from liability does not waive immunity
from suit. Fed. Sign, 951 S.W.2d at 408. Thus, when the State enters into a contract,
it does not waive immunity from suit. Id. Moreover, the State does not waive
immunity from suit by accepting the benefits of a contract. Tex. Natural Res.
Conservation Comm’n v. IT-Davy, 74 S.W.3d 849, 857 (Tex. 2002). It is the sole
province of the Legislature to waive or abrogate immunity from suit. Id. 
          In a suit against the State, the plaintiff has the burden to establish that the court
has jurisdiction over the case. Tex. Dep’t of Parks and Wildlife v. Miranda, 133
S.W.3d 217, 226 (Tex. 2004). Whether the plaintiff has met its burden is a question
of law. Id. If the pleadings do not affirmatively show that the trial court has
jurisdiction, but do not affirmatively demonstrate that there is no jurisdiction, the
plaintiff should be given the opportunity to amend its pleadings. Id. at 226–27. 
          In this case, appellee sued TSU for breach of an oral contract and requested
consequential damages, including out-of-pocket expenditures, lost revenue, lost
future business, damage to business image, and attorney’s fees. Appellee did not
recite any jurisdictional facts relating to any waiver of immunity from suit by the
State. Therefore, appellee did not carry its burden to establish that the trial court had
subject matter jurisdiction over this case. However, the petition did not affirmatively
establish that there was no jurisdiction. Under these circumstances, appellee should
be given an opportunity to amend its petition. See id. 
CONCLUSION
          “A trial court must grant a plea to the jurisdiction, after providing an
appropriate opportunity to amend, when the pleadings do not state a cause of action
upon which the trial court has jurisdiction.” Harris County v. Sykes, 136 S.W.3d 635,
639 (Tex. 2004). Here, appellee’s petition did not state a cause of action upon which
the trial court had jurisdiction. Therefore, the trial court erred in denying TSU’s plea
to the jurisdiction. However, before dismissing appellee’s suit with prejudice, the
trial court should have given appellee an opportunity to amend its petition. 
          Accordingly, we sustain TSU’s issue. We reverse the order denying the plea
to the jurisdiction and remand the cause to the trial court. Upon remand, the trial
court should afford appellee the opportunity to replead and, thereafter, to proceed
consistent with this opinion. 
 
 
                                                                        Sam Nuchia
                                                                        Justice

Panel consists of Justices Nuchia, Jennings, and Higley.