

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00327-CV

Maxine **ADAMS** and Cecil Adams,
Appellants

v.

Christopher **PRINE**,
Appellee

From the 269th Judicial District Court, Harris County, Texas
Trial Court No. 2014-35653-a
Honorable Dan Hinde, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  January 11, 2017

REVERSED AND REMANDED

This is the second appeal this court has considered involving the Adamses' claim against

Christopher Prine under 42 U.S.C. § 1983.  In the first appeal, this court affirmed the portion of a

prior order granting Prine's plea to the jurisdiction as to the Adamses' section 1983 claim against

Prine in his official capacity.  *See Adams v. Harris Cty.*, No. 04-15-00287-CV, 2015 WL 8392426,

at *4 (Tex. App.—San Antonio Dec. 9, 2015, pet. denied) (mem. op.) (referred to herein as *Adams*

*I*).  This court also dismissed the portion of the appeal challenging the portion of the prior order

granting Prine's plea to the jurisdiction as to the Adamses' section 1983 claim against Prine in his

individual capacity because we did not have jurisdiction to consider that portion of the interlocutory order under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *Id*. The trial court subsequently signed a final judgment dismissing all of the Adamses' claims against Prine and then severed those claims into a separate cause number.

In this appeal, the Adamses contend the trial court erred in dismissing their section 1983 claim against Prine in his individual capacity because: (1) a plea to the jurisdiction is not the proper procedure for asserting the affirmative defense of quasi-judicial immunity; and (2) Prine was not entitled to quasi-judicial immunity. The Adamses also contend the trial court erred in granting the severance. Because we agree the trial court erred in granting the severance and that a plea to the jurisdiction is not the proper procedure to raise the affirmative defense of quasi-judicial immunity, we reverse: (1) the portion of the trial court's final judgment dismissing the Adamses' section 1983 claim against Prine in his individual capacity; and (2) the trial court's order severing the Adamses' claims against Prine into a separate cause. We remand the cause to the trial court for further proceedings.

**BACKGROUND**

The following summary of the factual and procedural background is adopted from our prior opinion in *Adams I*:

> This litigation arose as a result of a landlord-tenant dispute between the Adamses and Rebecca Ross. A lawsuit between them in the 269th Judicial District Court of Harris County, Texas, resulted in a judgment in favor of the Adamses. The Adamses recovered part of the judgment through a writ of garnishment, and Ross deposited the balance due on the judgment into the registry of the court. The Adamses appealed the judgment to the First Court of Appeals, and in August 2013, the court of appeals dismissed the appeal for want of prosecution. *Adams v. Ross*, No. 01–11–00552–CV, 2013 WL 4003757 (Tex. App.—Houston [1st Dist.] Aug. 2, 2013, pet. denied) (per curiam, mem. op.). The judgment assessed all of the costs of the appeal against Maxine Adams and ordered the Clerk of the Court to issue a statement of costs with the mandate. The court of appeals' mandate issued April 4, 2014. The same day, Christopher A. Prine, Clerk of the First Court of Appeals, prepared and issued a bill of costs in Appeal No. 01–11–00552–CV. The bill of

costs indicated that a number of items, including fees for preparing parts of the appellate record, remained unpaid or that the status of payment was unknown.

In June 2014, Harris County filed a petition in interpleader in the district court, alleging that the Harris County District Clerk is custodian of the funds Rebecca Ross previously deposited into the registry of the court. The petition alleged competing claims to the funds had been made by the Adamses, Ross, the Harris County District Clerk, the court reporter, and Prine, as Clerk of the First Court of Appeals. Prine disclaimed any interest in the interpleaded funds, and Harris County nonsuited him from the interpleader action. The Adamses subsequently filed a motion to dismiss the interpleader action, which the trial court denied by an order signed March 13, 2015.

The Adamses also filed counter and cross claims against several parties, including an action under 42 U.S.C. § 1983 against Prine. The Adamses' live pleading alleges that in the bill of costs, Prine "systematically over billed for each appellate record filed in the Court of Appeals, and charged fees for appellate records that the Harris County [sic] documented as no amount due" and that Prine and the Harris County District Clerk "falsified court records individually or collectively to deprive Adams of property without due process." The Adamses assert that "Christopher Pine [sic] acting in his individual capacity as the Clerk of the 1st Court of Appeals in performing ministerial billing responsibilities" proximately caused them to be deprived of property without due process of law, in violation of their rights under the Fourteenth Amendment. The Adamses sought damages "from Christopher Prine individually for falsified billing entries resulting in costs not associated with [the] appeal and punitive damages."

Prine filed a plea to the jurisdiction based on the pleadings, asserting he has sovereign and quasi-judicial immunity from the Adamses' suit and from liability for the damages claimed. The trial court granted Prine's plea and signed an order dismissing the Adamses' claims against Prine with prejudice.

*Id.* at *1-2.

That order was then appealed to this court in *Adams I.* As previously noted, we affirmed the portion of a prior order granting Prine's plea to the jurisdiction as to the Adamses' section 1983 claim against Prine in his official capacity. *Id.* at *4. We dismissed the portion of the appeal challenging the portion of the trial court's order granting Prine's plea to the jurisdiction as to Adamses' section 1983 claim against Prine in his individual capacity because we did not have jurisdiction to consider that portion of the interlocutory order under section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *Id.*

- 3 -

After our decision in *Adams I*, the trial court signed a final judgment noting it previously dismissed the Adamses' claims against Prine in its order granting the plea to the jurisdiction and again ordered all causes of action against Prine dismissed.[1]  The trial court also signed an order granting Prine's motion to sever and severed the Adamses' claims against Prine into a separate cause.  The Adamses appeal the final judgment and the severance order.

## QUASI-JUDICIAL IMMUNITY

As we noted in *Adams I*, "Prine's plea to the jurisdiction asserted the defense of quasi-judicial immunity to the individual-capacity section 1983 claims." *Id.* at *4.  Because Prine did not file any additional motions prior to the entry of the final judgment, the only pleading to support the final judgment as to the individual-capacity claim is Prine's plea to the jurisdiction.

"Immunity from suit and immunity from liability are separate principles." *Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 471 (Tex. App.—Houston [1st Dist.] 2002, no pet.).  "Perhaps the greatest difference between these types of immunities is their respective jurisdictional ramifications." *Id.*

"Qualified immunity" and "quasi-judicial immunity" are interchangeable terms referring to the same affirmative defense available to governmental employees sued in their individual capacities. *City of Hous. v. Kilburn*, 849 S.W.2d 810, 812 n.1 (Tex. 1993) (per curiam); *Methodist Hosp. of Dall. v. Miller*, 405 S.W.3d 101, 104 n.5 (Tex. App.—Dallas 2012, no pet.).  Like other

---

[1] The final judgment states:

> On this day the Court considered Prine's Motion to Enter Final Judgment.  It should be noted that the Court previously dismissed the Adams[es]' claims against Prine on March 13, 2015.  It should be further noted that the Court has granted [a] severance of the causes of action against Prine into this separate cause number.  The Court finds that all matters between the Adamses and Christopher Prine have been dismissed."

By order dated December 9, 2016, this court ordered the trial court clerk to file a supplemental clerk's record containing Prine's motion to enter final judgment. On December 14, 2016, the trial court clerk filed a supplemental clerk's record stating no such document was found in the trial court's case file.

affirmative defenses to liability, quasi-judicial immunity is a form of immunity from liability which must be pled and proven by the party asserting it.[2] *Brown & Gay Eng'g, Inc. v. Olivares*, 461 S.W.3d 117, 128 (Tex. 2015); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999) (per curiam). Because immunity from liability does not affect a trial court's jurisdiction, it must be asserted in a motion for summary judgment, not in a plea to the jurisdiction. *See Jones*, 8 S.W.3d at 638; *Baylor Coll. of Med.*, 77 S.W.3d at 472; *see also Martinez v. Val Verde Cty. Hosp. Dist.*, 110 S.W.3d 480, 485 (Tex. App.—San Antonio 2003) (noting affirmative defense must be raised in a motion for summary judgment not in a plea to the jurisdiction), *aff'd*, 140 S.W.3d 370 (Tex. 2004).

In this case, Prine only asserted his quasi-judicial immunity defense in a plea to the jurisdiction, not in a motion for summary judgment.[3] Because Prine did not use the appropriate procedural vehicle for asserting his affirmative defense, we sustain the Adamses' first issue and reverse the portion of the trial court's final judgment dismissing the Adamses' section 1983 claim against Prine in his individual capacity.[4] *See Martinez*, 110 S.W.3d at 486.

---

[2] Because this places the burden on the defendant asserting quasi-judicial immunity as an affirmative defense, this is unlike the burden imposed on a plaintiff by a plea to the jurisdiction challenging pleadings which requires the plaintiff to affirmatively demonstrate the trial court's jurisdiction to hear the cause. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). In *Adams I*, we noted Prine's plea to the jurisdiction was "based on the pleadings." 2015 WL 8392426, at *2.

[3] Although the standard of review governing a plea to the jurisdiction challenging the existence of jurisdictional facts "mirrors that of a summary judgment," the party asserting the plea has the burden to "support[] with evidence that the trial court lacks subject matter jurisdiction." *Miranda*, 133 S.W.3d at 227-28. In this case, Prine did not attach any evidence to his plea to the jurisdiction to meet that burden.

[4] In his brief, Prine contends the trial court could properly have granted his plea to the jurisdiction on the basis that the Adamses did not allege they were injured or damaged by their receipt of the bill of costs because they never paid it. However, the Adamses alleged they were injured because money is being retained in the trial court's registry rather than being paid to the Adamses based, in part, on the information contained in the bill of costs. This is a sufficient assertion of the deprivation of a property interest to state a section 1983 claim. *See* 42 U.S.C. § 1983.

## SEVERANCE

The Adamses also assert the trial court erroneously granted Prine's motion requesting a severance. We agree.

Rule 41 of the Texas Rules of Civil Procedure allows for any claim against a party to be "severed and proceeded with separately." TEX. R. CIV. P. 41. Rule 41 gives the trial court broad discretion to sever claims, and a trial court's order granting a severance will not be reversed absent an abuse of discretion. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.*, 793 S.W.2d 652, 658 (Tex. 1990). A trial court abuses its discretion if it acts contrary to guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). The guiding rule with regard to severance is that "[a] claim is properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues." *Guar. Fed. Sav. Bank*, 793 S.W.2d at 658.

In this case, the Adamses assert the trial court erred in severing the claims against Prine because those claims are interwoven with the issue of who is entitled to receive the proceeds in the trial court's registry. Prine does not counter the Adamses' assertion. Instead, Prine contends the severance was proper because he presented a meritorious plea to the jurisdiction establishing the trial court lacked subject-matter jurisdiction over the Adamses' claim against Prine in his individual capacity.

In the underlying cause, Harris County, Texas interpled funds into the trial court's registry seeking to determine who is entitled to receive those funds. Because the resolution of the Adamses' claim against Prine in his individual capacity could affect which party is entitled to receive the funds, we hold the claim is interwoven with the remaining action. Accordingly, the trial court erred in granting the severance.

**CONCLUSION**

The portion of the trial court's final judgment dismissing the Adamses' section 1983 claim against Prine in his individual capacity and the trial court's order severing the Adamses' claims against Prine into a separate cause are reversed. The cause is remanded to the trial court for further proceedings.

Luz Elena D. Chapa, Justice