**Opinion issued September 28, 2023**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-22-00806-CV

_____

**CHANDLER, Appellant**

**V.**

**HISCOX, INC., Appellee**

---

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Case No. 2020-55018**

---

## MEMORANDUM OPINION

This appeal stems from an insurance coverage dispute concerning the destruction of Appellant Chandler's home in the Commonwealth of the Bahamas during Hurricane Dorian in September 2019. After Appellee Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1230gp04015a19 denied coverage

for Chandler's loss under the homeowners insurance policy Chandler purchased for the home, Chandler filed suit in Houston, Texas against Appellee Hiscox, Inc., USI Insurance Services, Inc., Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1230gp04015a19, THB International, Inc., and insurance agents Jim Braniff III and Aaron D. Isgur. Chandler asserted claims for breach of the policy, breach of the duty of good faith and fair dealing, and violations of Texas law, including the Texas Insurance Code.

Appellee Hiscox, Inc. moved for summary judgment on Chandler's claims, or in the alternative, for dismissal of Chandler's claims pursuant to a mandatory venue provision in the applicable insurance policy, which Hiscox argued required Chandler to file his suit in The Bahamas. The trial court denied Hiscox's motion for summary judgment and subsequent motion to reconsider the denial of the summary judgment motion, but it granted Hiscox's motion to dismiss pursuant to the policy's venue provision.

Chandler appeals the trial court's dismissal of his claims under the policy's venue provision. Hiscox moved to dismiss Chander's appeal for lack of jurisdiction. Alternatively, Hiscox cross-appeals the trial court's denial of its motion for summary judgment and motion to reconsider its denial of its summary judgment motion.

We dismiss Chandler's appeal and Hiscox, Inc.'s conditional cross-appeal for lack of jurisdiction.

## Background

Appellant Chandler[1] purchased a homeowners insurance policy for his home in The Bahamas from Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1230GP04015A19 ("Underwriters").[2] Chandler acquired the policy through USI Insurance Services, Inc. and its agents, Appellees Jim Braniff III and Aaron D. Isgur. The policy, effective January 2, 2019 to January 2, 2020, contains mandatory venue and choice of law provisions which state:

> This Insurance shall be governed by and construed in accordance with the laws of the Bahamas and each party agrees to submit to the exclusive jurisdiction of any competent court within the Bahamas.

On September 1, 2019, Hurricane Dorian struck The Bahamas. According to Chandler, propane tanks on his property exploded after they were dislodged from their foundations by the storm and his home was destroyed by the explosion and the

---

[1] Appellant, who was previously named Richard Chandler, legally changed his name to "Chandler."

[2] Chandler contends that the policy was issued by "Certain Underwriters at Lloyds, London on Policy No. B1230GP04015A19 (Syndicate 33)," and that "Syndicate 33," which is "simply an unincorporated group of individuals and shell companies operating Lloyds and insuring . . . certain homeowners' risks," is owned by Appellee Hiscox, Inc. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857–58 (5th Cir. 2003) (stating "Lloyds of London is not an insurance company but rather a self-regulating entity which operates and controls an insurance market," and explaining "the business of insuring risk at Lloyd's is carried on by groups of Names called 'Syndicates'"). Hiscox, Inc. contends that it is not a party to the policy, and it moved for summary judgment on this basis. Because we are dismissing Chandler's appeal for lack of jurisdiction, we need not determine whether Hiscox is a party to the policy. For purposes of this opinion, we will refer to the insuring party as "Certain Underwriters at Lloyd's, London Subscribing to Policy No. B1230gp04015a19" or "Underwriters."

3

resulting fire. Chandler submitted a claim for the loss of his home to Underwriters, which denied coverage.

Chandler filed suit in Harris County, Houston, Texas against Underwriters, Braniff, Isgur, USI, THB International, Inc., and Hiscox, Inc.[3] Pursuant to a joint motion to abate filed by Chandler and defendants USI, Braniff, and Isgur, the trial court on March 5, 2021, abated discovery and trial of Chandler's claims against these three defendants pending resolution of Chandler's claims against the remaining defendants, including a determination of coverage under the policy.[4]

Hiscox filed a traditional motion for summary judgment, which it later amended, arguing it was entitled to summary judgment on Chandler's claims because Hiscox is not a party to the policy. Later, Underwriters moved to dismiss Chandler's claims pursuant to the policy's mandatory venue provision, arguing the provision required Chandler to bring his suit in The Bahamas.

On November 8, 2021, the trial court granted Underwriters' motion and dismissed Chandler's claims against Underwriters with prejudice to pursuing those

---

[3] Chandler nonsuited his claims against THB International, Inc. in January 2021.

[4] Chander's claims against Braniff, Isgur, and USI are conditional. To the extent the policy does not cover Chandler's insurance claim, he argues these defendants "failed to exercise the requisite care and skill in placing" his insurance, arguing the "risk of damage to property in the Bahamas from windstorms is well known, and is perhaps the greatest risk to property in the islands." He argues "[n]o broker exercising the requisite level of skill and care would have recommended that windstorm damage be excluded from the policy."

4

claims in this jurisdiction. Chandler filed a petition for writ of mandamus challenging the trial court's dismissal of his claims against Underwriters, which this Court denied on March 8, 2022. *See In re Chandler*, No. 01-21-00687-CV, 2022 WL 677427 (Tex. App.—Houston [1st Dist.] Mar. 2, 2022, orig. proceeding) (mem. op.).

On February 14, 2022, the trial court denied Hiscox's amended motion for traditional summary judgment ("February Order"). Hiscox filed a Motion to Reconsider asking the trial court to reconsider its Motion for Summary Judgment, or alternatively, to dismiss Chander's claims against Hiscox based on the mandatory venue provision in the policy. The trial court denied Hiscox's motion for reconsideration but granted Hiscox's motion to dismiss based on the policy's venue provision. On September 22, 2022, the trial court dismissed Chandler's claims against Hiscox with prejudice to pursuing those claims in this jurisdiction ("September Order").

On October 24 or 25, 2022, Chandler filed a notice of appeal challenging the September Order dismissing his claims against Hiscox.[5] On November 8, 2022, Hiscox filed an Amended Cross Notice of Appeal stating that if this Court

---

[5] Because we are dismissing Chandler's appeal for lack of jurisdiction based on the lack of a final judgment or appealable interlocutory order, we need not determine whether Chandler's notice of appeal was timely filed on October 25, 2022, as Hiscox contends in its motion to dismiss, or October 24, 2022, as Chandler argues in response to Hiscox's motion.

determines it has jurisdiction over Chandler's untimely interlocutory appeal, then Hiscox desires to cross-appeal the February Order denying its amended traditional motion for summary judgment and the portion of the September Order denying reconsideration of Hiscox's amended motion for traditional summary judgment. Hiscox later moved to dismiss Chandler's appeal for want of jurisdiction, arguing we lack jurisdiction over the appeal for two reasons: (1) Chandler's notice of appeal was not timely filed;[6] and (2) the interlocutory order from which Chandler appeals is not subject to appeal. Because the second argument is dispositive, we address it first.

## Jurisdiction

Hiscox argues this Court lacks jurisdiction over Chandler's appeal because the September Order from which he appeals is not a final, appealable order. Hiscox argues the September Order, which does not dispose of all claims against all parties, is "an interlocutory ruling on venue . . . not subject to appeal." Chandler responds that this Court has jurisdiction over his appeal because orders dismissing claims pursuant to a forum selection clause are appealable orders.[7]

---

[6] Pursuant to Texas Rule of Appellate Procedure 26.1, an appellant must file a notice of appeal thirty days after a judgment is signed or twenty days after an appealable interlocutory order is signed. TEX. R. APP. P. 26.1(b).

[7] Although they are not parties to this appeal, USI, Braniff, and Isgur filed a brief arguing that this Court does not have jurisdiction over Hiscox's cross-appeal because there is no final, appealable order in this case and no statute authorizes an interlocutory appeal of the February Order's denial of summary judgment or the

6

## A. Standard of Review and Applicable Law

Generally, appellate courts only have jurisdiction over appeals from final judgments. *Bonsmara Nat. Beef Co., LLC v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020). A judgment issued without a conventional trial is final for purposes of appeal only if it (1) actually disposes of all claims and parties before the court, regardless of its language, or (2) states with unmistakable clarity that it is a final judgment as to all claims and all parties. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 192–93 (Tex. 2001); *see Patel v. Nations Renovations, LLC*, 661 S.W.3d 151, 154 (Tex. 2023). Whether a court has jurisdiction is a question of law, which we review de novo. *Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390.

Interlocutory appellate jurisdiction, which is a limited exception to the general rule, permits appellate courts to review certain trial court rulings even when the case remains pending before the trial court. *See id.* We have jurisdiction over an appeal of an interlocutory order, however, only if there is a statute authorizing an appeal of the order. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 51.014 (authorizing appeals from certain interlocutory orders); *id.* § 15.003(b) (permitting interlocutory appeal of certain venue determinations).[8]

---

September Order's denial of Hiscox's motion for reconsideration of denial of motion for summary judgment.

[8] If allowed to do so, a party may also challenge an interlocutory order by bringing a permissive appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(d) (authorizing permissive appeal from "order that is not otherwise appealable" in case that

**B.** **Analysis**

It is undisputed that Chandler's claims against USI, Braniff, and Isgur remain pending. The trial court abated those claims on March 5, 2021, pending resolution of Chandler's coverage claims against Underwriters and Hiscox. The appellate record does not contain any order that states with "unmistakable clarity" that it is a final judgment as to all claims and all parties. Nor does the record contain any severance orders entered following the dismissal of Chandler's claims against Hiscox or Underwriters. There is thus no final judgment in this case from which Chandler can appeal. *See Lehmann*, 39 S.W.3d at 192–93 (stating judgment is final if it "actually disposes of all claims and parties before the court" or "states with unmistakable clarity that it is a final judgment as to all claims and all parties"); *see also Michel v. Rocket Eng'g Corp.*, 45 S.W.3d 658, 667 n.1 (Tex. App.—Fort Worth 2001, no pet.) (stating order granting special appearances and dismissing claims against two defendants became final judgment when plaintiff's claims against other defendants were severed).

---

identifies controlling question of law on which there is substantial ground for disagreement and where immediate appeal may materially advance ultimate resolution of lawsuit); TEX. R. CIV. P. 168 (requiring trial court to grant permissive appeal by order that identifies controlling questions of law on which there is substantial ground for difference of opinion and stating why immediate appeal may advance ultimate disposition of litigation); TEX. R. APP. P. 28.3 (addressing permissive appeals in civil cases).

Because there is no final judgment, we have jurisdiction to review Chandler's appeal of the trial court's September Order or Hiscox's conditional cross-appeal from the trial court's February and September Orders only if a statute authorizes our review of these interlocutory orders. No statute allows such review in this case.

## C. Chandler's Appeal from the September Order

In its September Order, the trial court dismissed Chandler's claims against Hiscox based on the mandatory venue provision in the policy. Although we may review a trial court's order determining venue when there is a final judgment, such orders generally are not subject to interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 15.064(a) (stating there is no right to bring interlocutory appeal from trial court's determination of venue questions); TEX. R. CIV. P. 87(6) (stating "[t]here shall be no interlocutory appeals from [a determination on a motion to transfer venue]"); *see also In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding) ("Once a trial court has ruled on proper venue, that decision cannot be the subject of interlocutory appeal."); *Morrill v. Cisek*, No. 01-03-01336-CV, 2005 WL 2123714, at *4 (Tex. App.—Houston [1st Dist.] Aug. 31, 2005, pet. denied) (mem. op.) (stating "there is no interlocutory appeal from most trial court rulings on venue motions"). Chandler has not identified a statute authorizing him to appeal an

9

interlocutory order granting a motion to dismiss based on a mandatory venue provision, nor have we found any applicable statutory authority.[9]

Rather, Chandler argues we have jurisdiction over his appeal because "[d]ismissal of a matter under a forum selection clause is an appealable order." But the legal authorities Chandler cites for support are inapposite because in those cases, unlike the case here, the courts reviewed orders dismissing claims based on contractual forum-selection clauses in matters where there was also a final judgment. *See Phoenix Network Technologies (Europe) Ltd. v. Neon Systems, Inc.*, 177 S.W.3d 605, 610 (Tex. App.—Houston [1st Dist.] 2005) (reviewing dismissal based on forum-selection clause in case with final judgment); *Brown v. Case Snow Mgmt., Inc.*, No. 01-21-00582-CV, 2022 WL 4540784, *2 (Tex. App.—Houston [1st Dist.] Sept. 29, 2022, no pet.) (mem. op.) (same); *Steakley v. Round One Investments, L.P.*, No. 01-09-002-CV, 2012 WL 3628800, at *3 (Tex. App.—Houston [1st Dist.] Aug. 23, 2012, no pet.) (mem. op.) (same).

Because there is no final, appealable judgment in this case, and Chandler has not identified any statute authorizing our review of the trial court's interlocutory September Order dismissing Chandler's claims based on a mandatory venue

---

[9]     Section 15.003 of the Texas Civil Practice and Remedies Code permits a party to bring an interlocutory appeal "of a trial court's determination" regarding whether a plaintiff established proper venue in cases in which there are multiple plaintiffs. TEX. CIV. PRAC. & REM. CODE § 15.003(a), (b). Chandler is the only plaintiff in this case and thus Section 15.003 is inapplicable.

10

provision, we lack jurisdiction over Chandler's appeal. *See Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390 (stating appellate courts only have jurisdiction over appeals from interlocutory rulings if permitted by statute). We dismiss Chandler's appeal for lack of jurisdiction.[10] *See id.*

## D. Hiscox's Conditional Cross-Appeal

Hiscox filed a notice of appeal conditionally cross-appealing the trial court's February Order denying its amended motion for summary judgment, as well as that portion of the September Order denying Hiscox's motion to reconsider the denial of its amended summary judgment motion. Like venue determinations, the "denial of a motion for summary judgment is not a final judgment and is therefore generally not appealable" unless authorized by statute. *See Baylor Coll. of Med. v. Tate*, 77 S.W.3d 467, 469 (Tex. App.—Houston [1st Dist.] 2002, no pet.). Although Section 51.014 of the Texas Civil Practice and Remedies Code authorizes appeals from interlocutory orders denying summary judgment in certain, limited circumstances, none of those circumstances is present here. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5), (6), (17).[11]

---

[10] Given our disposition, we need not consider whether we also lack jurisdiction over Chandler's appeal because his notice of appeal was untimely.

[11] *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(5) (authorizing appeal from interlocutory order that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state"); *id.* § 51.014(a)(6) (authorizing appeal from interlocutory order that "denies a motion for summary judgment that is based in

11

We have not found, and Hiscox has not directed us to, a statute authorizing appellate review of the trial court's interlocutory order denying Hiscox's amended motion for summary judgment or the trial court's interlocutory order denying Hiscox's motion to reconsider the ruling on its amended summary judgment motion. We thus dismiss Hiscox's conditional cross-appeal of the trial court's February and September Orders for want of jurisdiction. *See Bonsmara Nat. Beef Co.*, 603 S.W.3d at 390 (holding appellate courts only have jurisdiction over appeals from final judgments and certain interlocutory orders authored by statute).

## Conclusion

We grant Hiscox's motion to dismiss Chandler's appeal. We dismiss Chandler's appeal and Hiscox's conditional cross-appeal for lack of jurisdiction. Any pending motions are dismissed as moot.

Veronica Rivas-Molloy
Justice

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

---

whole or in part upon a claim against or defense by a member of the electronic or print media, acting in such capacity, or a person whose communication appears in or is published by the electronic or print media, arising under the free speech or free press clause of the First Amendment to the United States Constitution, or Article I, Section 8, of the Texas Constitution, or Chapter 73"); *id.* § 51.014(a)(17) (authorizing appeal from interlocutory order that "grants or denies a motion for summary judgment filed by a contractor based on Section 97.002").